**Rickey Leroy COLBART, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54379.**

Supreme Court of Missouri,
Division No. 1.

Jan. 12, 1970.

Motion for Rehearing or to Transfer to Court
En Banc Denied Feb. 9, 1970.

Harold F. Glass, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Presiding Judge.

This is an appeal from a judgment denying defendant's motion to vacate under Rule 27.26, V.A.M.R. The sentence under attack is for 35 years for first degree robbery. It was affirmed on direct appeal in State v. Colbart (Mo.Sup.) 411 S.W.2d 92. In his motion to vacate defendant, in substance, contends:

1. Denial of trial by constitutionally impartial jury in that one of the jurors had been a victim of robbery but failed to say so on voir dire.

2. Waiver of preliminary hearing without being afforded counsel.

3. Trial and conviction without a preliminary or arraignment on the charge tried.

4. Lack of adequate legal representation in his original trial, because counsel failed to insist on a remand for a preliminary hearing and failed to keep defendant informed as to the state of the pleadings.

An evidentiary hearing was held on the motion following appointment of counsel. Defendant was present at the hearing and testified. The court made detailed findings of fact and conclusions of law and overruled the motion.

On the first ground, as to the juror, the evidence consisted of the transcript of the testimony taken at the hearing on the motion for new trial following the original trial. The present contention, although raised in the motion for new trial, was not presented on the original appeal. It appeared that the juror, 29 years before, while working as a filling station attendant, had been robbed by two men at the point of a pistol, after they had ostensibly driven into the station to buy gasoline. They did not search or injure him personally. They took $5 to $6 from the cash register, a quart of oil and 10 gallons of gasoline, and fled. They were never apprehended and there was no trial. The juror testified he did not understand he was being asked on voir dire whether he had been held up, that the fact he was held up in 1936 had no influence on him in defendant's case, and that he did not connect the two cases at all. The juror also testified he had no difficulty with his hearing.[1] On this record the court found there was no prejudice shown on the part of the juror at the time of the original trial and that no additional evidence had been presented at the 27.26 hearing to show any prejudice. While the transcript shows the jury panel was asked directly whether anyone had ever been the victim of a violent crime, so that the juror had no excuse, had he been paying attention, for not realizing what was being asked and that it applied to him, the situation before us does not amount to conduct on the part of the juror which results in a fundamentally unfair trial to the defendant, such as in the cases cited by appellant. The possibility was there, all right, but the trial court did not believe it materialized and we are not convinced the trial court was clearly in error on the point.

On the second ground, the matter of waiver of the preliminary, there unquestionably is evidence in the record that defendant did waive the preliminary and made no request for counsel at the preliminary. As to the third ground, the matter of whether the various informations filed all charged defendant with first degree robbery or whether this came in only on the second amended information without knowledge or consent of defendant, was settled in the original appeal, 411 S.W.2d l.c. 95. The fourth ground, ineffective assistance of counsel, rests on a mix-up by defendant and original defense counsel on what was contained in an admission of fact read into the record. Part of the defense strategy was that they would admit the facts of the occurrence in the grocery store and focus their efforts on defendant's denial that he participated either in the assault or robbery, thus keeping "the blood and guts out of the evidence in this case", as trial counsel put it. There was a pretrial conference of the court, prosecutor, and defense counsel on how to handle this. The prosecutor prepared a document which defense counsel amended slightly, and then read into the record. The admission so read contained the words "by vio-

---

1. The juror did respond to another general question to the panel about whether any close member of the family had ever been a victim of any crime by saying that his son had been working at a building in Springfield when there had been a break in.

lence to her person", referring to the prosecuting witness, Callie Anderson, a garrulous witness who volunteered a good many statements about the robbers beating on her despite counsel's efforts to keep such references out of the case. Defense counsel testified at the 27.26 hearing he realized the facts set forth in the admission would constitute a charge of first degree robbery against anyone committing those acts, although he did not catch the fact at the time that the words "by violence to her person" were in what he read. Defendant testified at the 27.26 hearing that when he told the trial court at the time of the original trial, 411 S.W.2d 1.c. 95, that he had no objection to the admission read into the record, he was thinking of it as a statement without the words "by violence to her person", he having believed all along that he was not being tried for first degree robbery. This shows a subjective lapse on the part of defendant as to what was taking place in front of him but it falls short of demonstrating prejudice in his trial or to his rights.

At the conclusion of the 27.26 hearing, the trial court found that defendant and counsel at the time of the original trial both understood the charge pending was first degree robbery and the defense would be an admission of facts which constituted first degree robbery on the part of someone, but that defendant was not the person who committed the offense. There is evidence in the record to support such findings. This being the case, there is no substance to the charge of ineffective assistance of counsel or failure to keep the defendant informed, as the trial court so found.

The judgment is affirmed.

PINNELL, Special Judge, concurs.

HOLMAN, J., concurs in result.

STORCKMAN, J., not sitting.