**Larry Edward STEAD,
Plaintiff-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

No. 37267.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 24, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Nov. 12, 1976.
Application to Transfer Denied
Feb. 14, 1977.

William J. Shaw, Public Defender, Mary E. Fiser, Asst. Public Defender, Clayton, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Noel Robyn, Asst. Pros. Atty., Clayton, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for defendant-respondent.

STEWART, Judge.

This is an appeal from a denial of appellant's petition for writ of error coram nobis. Appellant alleged that his guilty plea on January 31, 1966, to one count of second degree burglary and one count of stealing had not been made voluntarily with understanding of the nature of the charge because at the time appellant did not understand that he was pleading guilty to two separate felonies. We affirm.

In 1965 appellant, who was under a suspended sentence for burglary and stealing, was charged in a two count information with the crimes of burglary and stealing. He retained counsel who had represented him in the prior convictions. Appellant upon the recommendation of counsel entered pleas of not guilty. Subsequently appellant advised his counsel that he wished to withdraw the pleas of not guilty and plead guilty. Immediately after the trial court accepted appellant's plea the following occurred in the presence of appellant:

"Mr. Alton: [Asst. Prosecutor] . . . I would inquire of the Court first though, if the defendant's plea of guilty as to— this is technically two charges, burglary second and stealing on this one information; the plea is to both second degree burglary and stealing?

The Court: You understand that, Mr. Wyne [App. Counsel]; you have discussed that with your client?

Mr. Wyne: Yes, Sir."

At the hearing on this petition appellant testified that at the time he entered the pleas he thought he was entering a plea to one charge of burglary, "believing burglary and stealing" to be one crime; if he had known that two felonies were involved he would not have entered the plea.

Appellant testified that he did not become aware of the fact that he had been convicted of two felonies in 1966, and two felonies in 1964, until U.S. Attorney, who was prosecuting him for attempted larceny in 1968, advised the court that appellant had four prior convictions.

He acknowledged that he had entered pleas of guilty to identical charges in 1964. He was given a suspended sentence. Appellant testified that he had entered the pleas in 1964 on the same erroneous assumption that he was entering a plea to one charge.

A petition for a writ of coram nobis is a civil action. The burden of proving the factual allegations of the petition is upon the petitioner. *Deckard v. State*, 492 S.W.2d 400 (Mo.App.1973). In our review we are governed by Rule 73.01 as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976). We thus review the case upon the law and the evidence as in suits of an equitable nature. We defer to the trial court on matters of credibility.

In this case the issue was whether appellant knew he was pleading to two separate crimes. The only evidence to that effect

came from appellant who was present at the plea hearing when the prosecutor emphasized the fact that the plea was to two separate crimes. He was also present when his counsel announced that he had explained to appellant that he was pleading guilty to two separate crimes. Appellant's counsel testified that he had no independent recollection of explaining this matter to appellant but assumed he did because he would not have misled the court.

■ This case presented a question solely of the credibility of appellant who was definite only with respect to his subjective understanding of the nature of his plea. His response to questions on both direct and cross-examination, on some 36 occasions, was "I don't recall," "I don't remember," "I can't remember," and "I really don't remember." The court was warranted in rejecting appellant's testimony. *Shoemake v. State*, 462 S.W.2d 772[4] (Mo.1971).

The court did not err in finding that appellant did not carry the burden the law required.

The judgment is affirmed.

CLEMENS, P. J., and DOWD, J., concur.