Raymond C. MILENTZ, Appellant,

v.

STATE of Missouri, Respondent.

No. 38078.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 21, 1976.

Motion for Rehearing or Transfer
Denied Jan. 14, 1977.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, David L. Baylard, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Movant, Raymond Milentz, appeals an order of the Circuit Court denying his motion to vacate judgment pursuant to rule 27.26.

Movant was convicted by jury of striking a police officer, § 557.215 RSMo 1969, and sentenced by the court to 5 years in the Missouri Department of Corrections. The conviction was affirmed by this court on direct appeal. 521 S.W.2d 1 (Mo.App.1975). Movant subsequently filed a 27.26 motion alleging, inter alia, that 1) he was denied effective assistance of counsel because trial counsel failed to call four material witnesses; 2) he was denied a fair trial because one of the jurors was seen talking to a sheriff and two police officers, one of the officers being a key prosecuting witness. Without holding an evidentiary hearing, the trial court entered findings of fact and conclusions of law and denied relief.

On appeal, movant claims that the court erred in denying his motion without an evidentiary hearing. Rule 27.26(e) provides, in pertinent portion, that "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held." In reviewing the court's order denying movant's motion without a hearing, this court is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j).

In ruling on movant's allegations concerning ineffective assistance of counsel, the Circuit Court's memorandum-opinion in the post-conviction proceedings noted that movant had been granted a continuance on October 24, 1973 because movant's wife had given the names of witnesses to the public defender and at least one of these witnesses had not yet been contacted. No further reference was made to the alleged witnesses when movant's case came to trial on November 13, 1973. The trial court's memorandum opinion observed that "it logically follows that all witnesses names given by [movant] or his wife were contacted and could not be located or were located and that they could supply no evidence to assist the movant in the defense of this cause."

Furthermore, the Circuit Court entered a finding of fact, by referring to the testimony in the trial transcript, that "the alleged charge of Striking a Police Officer took place inside a police cruiser when the doors were closed and the incident could not be observed by any person outside of the cruiser." Therefore, the court concluded, the point raised was without merit because it failed "to see how any material witnesses to the alleged assault could be produced."

Movant's Rule 27.26 motion alleged that "Carol Milentz [movant's wife] will testify that she gave the lawyer the list of four witnesses that seen this incident and that the movant did not assault the police." Movant also alleged that each of the four witnesses "will testify that movant did not commit the crime; that the police brutally beat movant."

 Choice of witnesses is a matter of trial strategy, and this court will not review the trial strategy of counsel. *Ray v. State*, 532 S.W.2d 478, 481 (Mo.App.1975). However, in the absence of an evidentiary hearing, there is nothing in the present record to indicate that trial strategy was the reason that counsel failed to call certain witnesses. There is no evidence, in the absence of an evidentiary hearing, that counsel contacted, communicated with, or was even aware of these un-called witnesses. Without an evidentiary hearing, we cannot determine that there was a choice of trial strategy with respect to calling or not calling certain witnesses.

Movant has alleged facts which, if true, would entitle him to relief. *See, Ross v. State*, 517 S.W.2d 185, 186 (Mo.App.1974). Movant has alleged that the witnesses' testimony would have provided a defense and shown that the omission of these witnesses was prejudicial to his position. *Sherrill v. State*, 515 S.W.2d 611, 613 (Mo.App.1974).

The files and records in this case do not conclusively show as a matter of law that movant was not entitled to the vacation of his judgment and sentence. Therefore, the court erred in failing to hold an evidentiary hearing.

Movant's remaining contention is that the trial court erred in overruling his 27.26 motion without an evidentiary hearing on his allegation that during trial one of the jurors was seen talking with a deputy sheriff and two police officers, one of the officers being a key prosecuting witness.

 A review of the trial transcript shows that no objection was made at any time during trial to a juror-witness confrontation or meeting. However, even if this point was preserved and meritorious, it would not be considered in a motion to vacate judgment and sentence because it was a "trial error," which is outside the scope of 27.26 proceedings. *Selman v. State*, 454 S.W.2d 530, 532[2] (Mo.1970); *Agee v. State*, 512 S.W.2d 401 (Mo.App. 1974); Rule 27.26(b)(3); *McCrary v. State*, 529 S.W.2d 467 (Mo.App.1975), *see also:* Appendix, at 479, number 10. A "biased"

juror constitutes trial error. *Selman v. State, supra.*

Accordingly, we remand to the Circuit Court for an evidentiary hearing on the sole allegation of ineffective assistance of counsel for failure to call the material defense witnesses. Movant was not entitled to an evidentiary hearing on the allegation that a meeting occurred between a juror and prosecuting witness because this was trial error and outside the scope of a motion to vacate.

The judgment is reversed and the cause remanded.

WEIER, P. J., and CLEMENS, J., concur.