Willis Louis RODGERS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39319.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Neal P. Murphy, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Cletus E. Rudolph, Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM.

This is an appeal from an order of the circuit court of the City of St. Louis denying petitioner's motion for a writ of error coram nobis without an evidentiary hearing and without the appointment of counsel. We affirm.

Appellant's motion for a writ of error coram nobis sought to vacate judgments of conviction entered on guilty pleas to the offenses of assault with intent to maim without malice, § 559.190, RSMo. and stealing from a person, § 560.156, RSMo. Both charges arose out of the same set of circumstances involving the theft of a coat from a boy on the way home from a party.

The state had originally filed two informations charging appellant with assault with intent to maim with malice, § 559.180, RSMo. and robbery in the first degree, § 560.120, RSMo. Following arraignment and pleas of not guilty to these charges, the causes proceeded to trial, a jury panel was sworn and the state produced evidence. Appellant was represented by retained counsel. Before completion of the state's evidence, both parties came before the court and the state announced its election

to proceed on lesser included offenses of assault with intent to maim without malice and stealing from a person, and appellant stated his desire to enter guilty pleas to the lesser charges.

Before permitting appellant to withdraw his pleas of not guilty, the court satisfied itself as to the voluntary and understanding nature of the pleas. The pleas were accepted by the court on May 27, 1971. On August 6, 1971, appellant was sentenced to two concurrent terms of three years in the custody of the Department of Corrections, execution of which was suspended, and the court placed appellant on probation for a period of four years.

In a court order filed November 16, 1973, the court acknowledged that it had been notified by the Missouri Board of Probation and Parole that appellant had violated the terms and conditions of his probation by committing the offense of first degree robbery by means of a dangerous and deadly weapon. Appellant admitted his conviction for that offense and the court found he had violated a condition of his probation. Appellant's probation was revoked and he was ordered to begin serving his concurrent three-year sentences.

On December 3, 1976, after appellant had served the three-year sentences imposed upon his guilty pleas, appellant filed his motion for a writ of error coram nobis to vacate the judgments and sentences entered on the guilty pleas. The motion claims that the convictions were used "against petitioner to enhance the punishment" he subsequently received on his robbery conviction.

Three grounds for attacking the convictions were set forth in his motion for error coram nobis. He claimed his due process rights under the United States and Missouri constitutions were violated when the informations against him were amended to different charges and distinct offenses from those charged in the original information. The second ground was that the trial court had no subject matter jurisdiction over the charge. The third ground alleged that appellant's Fifth Amendment rights were violated in that he was subjected to double jeopardy when the state charged him with two separate crimes resulting from the same "act of force" even though the crimes had no "distinct" elements. In support of these grounds appellant indicated he would introduce into evidence records of the court and the Missouri Highway Patrol as well as his own testimony that he had no knowledge of the law and did not knowingly and intelligently waive his right to an appeal.

The trial court filed findings of fact and conclusions of law and entered an order denying the petition without an evidentiary hearing and without appointment of counsel. The court found that the allegations contained in the petition were either refuted by the record or would not entitle him to relief even if true, and further found that (1) he had not established sufficient detriment to support the writ and (2) he had waited too long a time to bring the allegations.

On this appeal, through appellate counsel, he makes one point. Appellant contends that the trial court erred in not appointing counsel to assist him in drafting his petition for writ of error coram nobis filed in the trial court. While admitting that the petition does not show such facts which would give a basis for granting the writ of error coram nobis, the thrust of his contention is that he is entitled to have counsel appointed in a writ of error coram nobis as in cases under Rule 27.26. He contends that under Rule 27.26 "the Supreme Court has afforded to an indigent movant the RIGHT to counsel when the movant seeks to have judgment and sentence vacated under Supreme Court Rule 27.26," but a petitioner who files a writ of error coram nobis is not entitled to the same right. Thus, he argues, such a situation violates equal protection. And he urges that "a new rule" should be adopted to appoint counsel whenever a petitioner or movant indicates an "intention" to file a motion or petition. Such a rule, he argues, would reduce the number of petitions or motions because "[i]f the petitioner or movant could not relate to his attorney facts which, if true, would

entitle him to relief the petition or motion would not be filed."

 Petitioner is in error when he contends that a movant who files a 27.26 motion is entitled to counsel as of right. There is no such constitutional mandate. Rule 27.26 is conditional. There is no constitutional, per se, right to counsel in every 27.26 proceeding. *Winston v. State,* 533 S.W.2d 709, 714–715 (Mo.App.1976). Neither is there a per se constitutional right to counsel in every case where a petition for writ of error coram nobis is filed on the grounds of indigency. *Powell v. State,* 495 S.W.2d 633, 635 (Mo. banc 1973). A petitioner in coram nobis is treated the same as a movant in a 27.26 proceeding. There is no violation of equal protection. The right to relief in coram nobis is not absolute and is not allowed as a matter of right or routine. The writ will issue if it is made to appear with reasonable certainty that some error of fact not apparent on the record was unknown to the applicant and that he will receive some benefit from the relief sought. *Arnold v. State,* 552 S.W.2d 286, 291 (Mo.App.1977); *Cook v. State,* 543 S.W.2d 309, 311 (Mo.App.1976). Appellant admits in his brief that "[a] brief look at the appellant's petition shows that such facts were not plead and gave the Court no basis for a granting of relief."

Appellant's plea that a new rule be adopted to require appointment of counsel is misdirected. The Supreme Court of Missouri has rule-making power. Article V, Section 5, Mo.Const.

The judgment is affirmed.

All the Judges concur.