**Melvin Leroy TYLER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 38930.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 5, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

Application to Transfer Denied
Jan. 8, 1979.

Robert C. Babione, Public Defender, Terry W. Wiese, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

GUNN, Presiding Judge.

Movant was convicted of assault with intent to kill with malice aforethought and was sentenced to 25 years imprisonment. The conviction was affirmed in *State v. Tyler*, 454 S.W.2d 564 (Mo.1970). A Rule 27.26 motion to set aside the conviction was denied after hearing and the denial affirmed in *Tyler v. State*, 501 S.W.2d 189 (Mo.App.1973).

A subsequent Rule 27.26 application was filed charging that movant's 25 year sentence had been based on four prior convictions, one of which was ultimately overturned. The trial court granted movant's 27.26 motion, finding that one of the prior convictions which had been taken into consideration in sentencing movant had been set aside. The trial court thereupon resentenced movant to 20 years imprisonment on the conviction of assault with intent to kill. Movant appeals the trial court's action in sustaining the Rule 27.26 motion and resentencing him. Movant contends on this appeal: (1) that the prosecutor made improper argument to the jury during the trial resulting in his conviction; (2) that the trial court in this 27.26 proceeding failed to provide him opportunity to present evidence of changed circumstances regarding his good character at the time of the resentencing. Each contention is destitute of merit.

The matter regarding the prosecutor's argument relates to purported trial error, not subject to Rule 27.26 procedures, particularly not on successive motions. Rule 27.26(b) and (d). See *Williams v. State*, 567 S.W.2d 370 (Mo.App.1978).

As to his second point, movant requested that his original sentence be vacated; it was, and he was resentenced. He received all the relief he requested and may not now complain. He now argues, however, that he was not permitted to explain to the trial court at the time of resentencing the extent to which he had been rehabilitated during his period of incarceration, including examples of self-improvement. All these matters were listed in fulsome detail in movant's 27.26 motion, which we have read. We must assume that the trial court also read movant's motion with its contents, for the motion was granted. Movant claims error because the trial court did not allow him to vocalize what was written. We find no error in such refusal.

Our review of the record reveals the trial court's judgment not to be clearly erroneous. No error of law appears, and a full opinion would have no precedential value. *Lang v. State*, 571 S.W.2d 449 (Mo.App.St. L.Dist., 1978).

Judgment affirmed. Rule 84.16(b).

KELLY and REINHARD, JJ., concur.