Ellis EATON, Jr., Plaintiff-Appellant,

v.

STATE of Missouri, Defendant-Respondent.

No. KCD 30238.

Missouri Court of Appeals, Western District.

Sept. 4, 1979.

As Modified on Courts' Own Motion Oct. 1, 1979.

Robert G. Duncan, Kansas City, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for defendant-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Following an evidentiary hearing, the trial court denied to appellant Ellis Eaton, Jr., a writ of error coram nobis by which he sought to set aside a 1971 judgment of conviction for burglary and stealing in the Circuit Court of Platte County. We reject

the appeal and affirm the trial court's order denying the writ.

Appellant alleges three errors in the original trial which he says entitle him to the issuance of the writ. They are, in the language of his brief in this court: 1. That appellant was deprived of Due Process of Law because of the misconduct of juror Schumacher in conversing privately with the complaining witness, and in the trial court's failure to hold an immediate and adequate hearing to determine the subject of the conversation and the prejudicial effect thereof; 2. That appellant was deprived of a fair and lawful trial and Due Process of Law because of the misconduct of juror Schumacher in failing to acknowledge, when asked on voir dire, his acquaintanceship with Billy Rule, the complaining witness; and 3. That the trial court was without jurisdiction to try the appellant by information, that the preliminary hearing was delayed 43 days from the date of charge and arrest, during which time an alibi witness died.

The writ of error coram nobis is available to one in defendant's position, who has completed his sentence and therefore cannot avail himself of the procedure afforded by Supreme Court Rule 27.26, yet suffers disadvantage by reason of the conviction. *United States v. Morgan,* 346 U.S. 502, 510, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *State v. Stodulski,* 298 S.W.2d 420, 422–423 (Mo.1957); *Arnold v. State,* 552 S.W.2d 286, 290–291 (Mo.App.1977). Indeed the writ is commensurate with the remedy of Rule 27.-26, with the difference that the latter is available only to one who is incarcerated. *Hindman v. Crouch,* 560 S.W.2d 874, 875 (Mo. banc 1978); *Laster v. State,* 461 S.W.2d 839 (Mo.1971); *State v. Stodulski, supra.* Should the conviction be found to have been invalid, the writ would set it aside.

The writ of error coram nobis remedy is subject to the following qualifications, among others: If an alleged infirmity in the conviction sought to be set aside, or in the proceeding leading to it, was decided by the convicting court in that proceeding or by the appellate court upon appeal, then the same issue will not be considered as a ground for issuance of the writ of error coram nobis. The writ issues to afford relief where some fact outside the record, perhaps unknown to the court, but at least overlooked and not decided, would if known and decided have prevented the judgment. *State v. Smith,* 324 S.W.2d 707, 711 (Mo. 1959), *overruled on other grounds, State v. Keeble,* 427 S.W.2d 404, 407–8 (Mo.1968); *Arnold v. State,* 552 S.W.2d at 291.

Now, in the present case, two of the applicant's claims of trial error, for which he says the trial court should have set aside the conviction upon his application for the writ, were squarely presented in the original case, both in the trial court and in the Missouri Supreme Court on appeal. Those two claims—the claim of juror misconduct in juror Schumacher's conversation with prosecuting witness Billy D. Rule, and the claim of undue delay of preliminary hearing after arrest and charge—were presented to the trial court in his motion for a new trial, and to the Supreme Court of Missouri on appeal. They were decided adversely to defendant. *State v. Eaton,* 504 S.W.2d 12 (Mo.1973). It is not the office of the writ of error coram nobis to give defendant another review of those claims. *Sweazea v. State,* 515 S.W.2d 499, 501 (Mo. banc 1974); *Selman v. State,* 454 S.W.2d 530, 532 (Mo.1970); *Colbart v. State,* 451 S.W.2d 601, 602–3 (Mo.1970); *State v. Durham,* 416 S.W.2d 79, 84 (Mo.1967). For that reason, these two claims will not be considered.[1] The improper juror-witness con-

---

1. This holding regrettably places us at odds with the U. S. Circuit Court of Appeals for the Eighth Circuit. In *Eaton v. Wyrick,* 528 F.2d 477, 481 (1975), that court said:

   "An evidentiary hearing will be required to resolve this issue. While appellant has arguably presented his claim of juror misconduct to

   the Supreme Court of Missouri, we think the circumstances are such that a collateral proceeding would be permitted by the state in order to comply with the requirements of *Remmer v. United States, supra,* [347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654] although we normally will determine those issues which have been

tact point has also been held in this state to be a matter of mere trial error which furnishes no ground for Rule 27.26 relief. *Milentz v. State,* 545 S.W.2d 688, 690 (Mo.App. 1977), and cases cited therein.

■ Appellant says that his speedy trial claim should be reconsidered in the present proceeding, because a new constitutional principle was announced by the Supreme Court of the United States in *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975), after *State v. Eaton, supra,* was decided. *Endres v. State,* 549 S.W.2d 582 (Mo.App.1977), holds that where a new constitutional principle, which would have aided the defendant, is announced after the appeal of his conviction has been decided, that point—though it was considered and decided adversely to defendant upon the appeal—may be reconsidered upon a Rule 27.26 motion. We do not see that *Dillingham* aids defendant, for that case holds only that the speedy trial meter commences to run with the arrest of the defendant rather than, as the lower courts had held, with his indictment.

The third allegation of error in the original trial is the misconduct of juror Schumacher in failing to acknowledge an acquaintance with Billy D. Rule, the complaining witness, when the panel was asked in voir dire examination if any of them were acquainted with Mr. Rule. This was not presented in the defendant's motion for a new trial in the original case, nor was it decided on appeal.

The court in the coram nobis hearing made no findings of fact and conclusions of law. This omission in many Rule 27.26 cases has required reversal and remand. *State v. Herron,* 376 S.W.2d 192 (Mo.1964), and *Herron v. State,* 498 S.W.2d 530 (Mo.1973); *State v. McCullough,* 493 S.W. 2d 353 (Mo.App.1973) and *McCullough v. State,* 507 S.W.2d 428 (Mo.App.1974).

■ Reversal and remand are not required in this case, however, for we may accept as true all the evidence presented on the question of the supposed concealed acquaintance, and find for ourselves that movant establishes no claim for coram nobis relief. There is no controverted fact upon which the trial court's finding is necessary. *Peterson v. State,* 476 S.W.2d 608, 611 (Mo. 1972); *State v. King,* 380 S.W.2d 370, 372–3 (Mo.1964); *Achter v. State,* 545 S.W.2d 83, 86 (Mo.App.1976).

On this point,[2] the evidence on hearing of the writ application was as follows: A certain Marvin Easley, who was an uncle of the appellant and who was present at the burglary and stealing trial as a witness for appellant, testified for appellant that after the jury was selected and during the noon recess (the trial transcript shows that this was before opening statements) he saw juror Schumacher and Billy D. Rule, the victim

exhausted in the state courts . . . we think in the unusual circumstances of this case the state courts should be accorded an opportunity to conduct an evidentiary hearing under Rule 27.26, thus permitting a record to be made which can be reviewed under 28 U.S.C § 2254(d), and avoiding piecemeal litigation of petitioner's claims."

The court further said, with respect to the allegation of the prejudicial delay in holding the preliminary hearing:

"In his petition, Eaton contends that the state magistrate postponed his preliminary hearing for 43 days during which time an important witness for the defense died. Only the fact of delay was raised by petitioner in his direct appeal to the Missouri Supreme Court, which held that he had 'failed to demonstrate wherein he was prejudiced by the delay'. *State v. Eaton, supra,* 504 S.W.2d at 20. While the death of the witness and resulting prejudice to peti-

tioner had been alleged in a motion for new trial, these allegations were not presented to the Missouri Supreme Court on direct appeal and it thus did not have before it for review the same issue which was presented to the District Court; nor was there a factual record from which the Missouri Supreme Court could have reviewed this claim on the merits. The requirement of exhaustion was therefore not satisfied."

2. Although the evidence is the same on both points, and the same persons involved, juror Schumacher and witness Rule, we point out that the focus here is upon the *concealed acquaintance on voir dire,* not upon the *impropriety of the conversation.* The latter is a different point and one which we have shown was decided in *State v. Eaton, supra,* and is not being considered here on its merits.

of the burglary and theft, in conversation with each other for about five minutes. They were seated on a bench in the hallway of the courthouse. There were several people in the hall at the time, estimated by Easley to be ten or twelve in number, including jurors and witnesses for the defendant. The witness was not near enough to hear what juror Schumacher and Mr. Rule were saying, but he heard the name "Bob". It was a friendly conversation. They were laughing and talking, and a part of the conversation was whispered. Rule pointed toward the jury room at one time during the conversation.

Petitioner also presented as evidence a photocopy of an undated, handwritten statement purportedly signed by juror Schumacher, which stated that "on November 22nd I saw Billy D. Rule who I later found out was the victim in the case tried that day. Billy D. Rule did not try to influence me in any way." The text of the statement was in the handwriting of Mr. Shafer, the prosecuting attorney in the burglary-theft trial and had been secured by him after the trial.

It is true, as appellant says, that when members of the jury panel had been asked on voir dire whether they knew Billy D. Rule, none of them had responded. However, the evidence on the coram nobis hearing does not prove that juror Schumacher had previously been acquainted with Mr. Rule, even if witness Easley's testimony about the hallway conversation between them were to be believed by the trial court.

In rural courthouses, there often are poor facilities for segregating jurors, and chance encounters between witnesses and jurors in courthouse hallways are difficult to guard against. A conversation such as this one is no proof at all of a prior acquaintance. It is agreed that the trial judge should take pains to prevent these encounters to avoid just such an incident as this.

The transcript of the trial does not show that Billy D. Rule was physically present in the courtroom and identified to the members of the jury panel when they were asked on voir dire about their acquaintance with him. Juror Schumacher's written statement (which was admitted in evidence without objection) could very well have meant that he saw and talked with a person who he later learned was Billy D. Rule.

Neither Rule nor juror Schumacher testified on the coram nobis hearing, nor was their absence explained.

The evidence, we repeat, shows no previous acquaintance between juror Schumacher and Billy D. Rule. Much less does it show prejudice of such proportions as to take the matter out of the "mere trial error" category, which furnishes no ground for Rule 27.26 relief, Rule 27.26(b)(3); *Richards v. State,* 495 S.W.2d 442 (Mo.1973); *McCrary v. State,* 529 S.W.2d 467, 471 (Mo. App.1975); *Mayo v. State,* 524 S.W.2d 181 (Mo.App.1975), and place it in the category of "fundamental unfairness" which would have deprived defendant of constitutional Due Process, as in *United States v. McCorkle,* 248 F.2d 1 (3rd Cir. 1957). *Compare United States ex rel. Luzzi v. Banmiller,* 248 F.2d 303 (3rd Cir. 1957), and *United States v. Cavell,* 287 F.2d 792 (3rd Cir. 1961). To find that a prior acquaintance existed and then that prejudice resulted, would require the indulgence of speculation. It is defendant's burden to prove his allegations by a preponderance of the evidence.

The judgment is affirmed. *Stead v. State,* 543 S.W.2d 501 (Mo.App.1976).

All concur.