Willis L. **RODGERS**, Jr., Appellant,

v.

Donald **WYRICK**, Warden, Missouri State Penitentiary, Appellee.

No. 79–1792.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1980.

Decided May 19, 1980.

As Modified May 28, 1980.

---

Donald J. Hager, Farmington, Mo., for appellant.

John Ashcroft, Atty. Gen. and Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ROSS, STEPHENSON and ARNOLD, Circuit Judges.

STEPHENSON, Circuit Judge.

Missouri state prisoner Willis L. Rodgers, Jr. appeals from the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Rodgers attacked the validity of two 1971 state convictions, the sentences for which he had already served, on the basis that they were used to enhance

the sentence on a subsequent state conviction in 1973, the sentence he is now serving. The district court, without an evidentiary hearing, dismissed the petition for failure to exhaust state remedies.[1]  *See* 28 U.S.C. § 2254(b), (c).  We affirm the judgment of the district court.

## I.  Rodgers' 1971 and 1973 State Convictions

On May 27, 1971, appellant Rodgers pleaded guilty in the Circuit Court of St. Louis, Missouri to the offenses of stealing from a person and assault with intent to maim without malice.  On August 6, 1971, the trial court sentenced Rodgers to a term of three years for each offense, the sentences to run concurrently.  Execution of the sentences, however, was suspended, and Rodgers was placed on probation for four years.

On February 27, 1973, the state of Missouri charged Rodgers with the offense of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon.  On June 28, 1973, a jury found him guilty of that offense and the trial court, having found the Missouri Second Offender Act applicable because of his 1971 convictions, assessed a sentence of thirty-five years.  The conviction and sentence were affirmed on direct appeal.  *State v. Rodgers*, 525 S.W.2d 447 (Mo.App.1975).

On November 16, 1973, the probation granted Rodgers for his first convictions—stealing from a person and assault with intent to maim without malice—was revoked and he was ordered to commence serving the three-year concurrent sentences which were imposed for those offenses in 1971.  In November 1976, Rodgers completed service of the sentences imposed for the 1971 convictions and began to serve his robbery sentence.

## II.  Rodgers' State Post-Conviction *Coram Nobis* Action to Vacate the 1971 Convictions

On December 3, 1976, Rodgers filed a *pro se* petition for a writ of error *coram nobis* to vacate the judgments entered on his 1971 guilty pleas.[2]  Rodgers claimed that the 1971 convictions were impermissibly used to enhance the sentence he received on his 1973 first degree robbery conviction.

In his *coram nobis* proceeding, Rodgers attacked the 1971 convictions on three grounds: (1) that his due process rights were violated when the informations against him were amended to reflect different offenses from those charged in the original information; (2) that the trial court had no subject matter jurisdiction over the charge; and (3) that he was subjected to double jeopardy when the state charged him with two separate crimes resulting from the same act of force even though the two crimes had no distinct elements.  The trial court denied the *coram nobis* petition without an evidentiary hearing and without appointment of counsel; it expressly rejected Rodgers' three arguments on the merits.  Rodgers then appealed to the Missouri Court of Appeals.  *Rodgers v. State*, 580 S.W.2d 514 (Mo.App.1978).[3]  Upon appeal,

---

1.  The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, adopted the findings and recommendation of the Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri.

2.  *Coram nobis* is available to a defendant who has completed his sentence and therefore cannot avail himself of the procedure afforded by Missouri Supreme Court Rule 27.26, yet suffers disadvantage by reason of the conviction. *Eaton v. State*, 586 S.W.2d 792, 794 (Mo.App. 1979).  However, the scope of *coram nobis* is commensurate with the remedy of Rule 27.26, with the difference being that the latter is avail-

able only to one who is incarcerated.  *Id.* There are, however, some special qualifications to the writ of *coram nobis* which are not directly relevant here.  *Id.*  *Coram nobis* is also explained in *Arnold v. State*, 552 S.W.2d 286, 290–92 (Mo.App.1977) and *Cook v. State*, 543 S.W.2d 309, 311 (Mo.App.1976).

3.  This decision is also reported at 567 S.W.2d 448 (Mo.App.1978).  The reason for republication was that the publishing company erroneously stated in volume 567 that the opinion was reversed by the Missouri Supreme Court.  *Rodgers v. State*, 567 S.W.2d 448 (Mo.App. 1978).  The reference stating that the decision had been reversed is deleted in the subsequent

Rodgers—then represented by counsel—abandoned the three contentions he had asserted at the trial level. Instead, Rodgers contended only that the trial court erred in not appointing counsel to assist him in drafting the *coram nobis* petition filed in the state trial court. *Id.* at 516. The appellate court rejected this contention, holding that an indigent has no per se right to appointed counsel in a *coram nobis* proceeding. *Id.*[4]

### III. Rodgers' Section 2254 Attack on the Validity of his 1971 Convictions

■ Rodgers filed the instant section 2254 proceeding in the United States District Court, Eastern District of Missouri on February 7, 1979. Rodgers' contentions here are essentially the same as those raised at the trial level but abandoned on appeal in his state *coram nobis* attack on his 1971 convictions. The crux of Rodgers' section 2254 petition is that the allegedly unconstitutional 1971 convictions impermissibly enhanced the thirty-five year sentence imposed for his 1973 first degree robbery conviction by triggering application of the Missouri Second Offender Act.[5] In this sense, the 1971 convictions and the 1973 conviction are intertwined.

■ The district court, adopting the magistrate's recommendation, dismissed the

section 2254 petition on the ground that Rodgers had left unexhausted avenues of state relief in the form of out-of-time[6] motions for rehearing[7] or transfer[8] before the Missouri Court of Appeals.[9] An additional unexhausted state procedure, suggested by appellee both below and here on appeal, is a motion before the Missouri Court of Appeals to recall its mandate. We must determine whether any of these three suggested state remedies need be exhausted by Rodgers before federal relief under section 2254 may be pursued.

■ In making such a determination, we are mindful that although comity requires that the state be afforded the initial opportunity to consider alleged violations of federal constitutional rights of its prisoners, a petitioner is not required to file repetitious or futile applications in state courts. *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975). In addition, a petitioner should not be barred from federal relief because of the mere possibility of success in additional state proceedings. *Id.* However, only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims will exhaustion be disregarded as futile. *Shane v. Iowa*, 581 F.2d 727, 728 (8th Cir. 1978); *Eaton v. Wyrick, supra*, 528 F.2d at 482.

---

publication. 580 S.W.2d 514. In all other respects the text of the opinion is the same.

The confusion by the publishing company derives from the fact that Rodgers initiated a separate post conviction collateral action pursuant to Missouri Supreme Court Rule 27.26 which sought to vacate his 1973 conviction for first degree robbery. *See* note 14 *infra*.

4. *Compare Fields v. State*, 572 S.W.2d 477, 483 (Mo.1978) (en banc) (all indigent *pro se* movants invoking Missouri Supreme Court Rule 27.26 have a per se right to appointed counsel at the trial level; rule held prospective only).

5. Appellee suggests, apparently for the first time on appeal, that appellant's enhancement contention is not contained in his section 2254 petition and thus should not be considered by this court. We do not agree. The magistrate to which the case was referred expressly considered Rodgers' enhancement contention. Similarly, the district court considered that contention by reference when it wholly adopted the magistrate's review and recommendation.

Appellee was not unfairly surprised below and cannot now complain before this court.

6. Missouri Supreme Court Rule 44.01(b).

7. Missouri Supreme Court Rule 84.17.

8. Missouri Supreme Court Rule 83.

9. The magistrate and district court found it unnecessary to consider appellee's argument that the validity of the 1971 convictions should not be reviewed because the corresponding sentences ran concurrently with that imposed for the presently unchallenged 1973 conviction. Implicitly rejected was appellee's argument that the court lacked habeas jurisdiction inasmuch as the sentences imposed for the challenged conviction had already expired. In our view, the expiration of the sentences would not defeat jurisdiction over a claim that the 1971 convictions enhanced the 1973 sentence which Rodgers is now serving.

We initially consider appellee's suggestion that Rodgers could request the Missouri Court of Appeals, which denied relief in his *coram nobis* appeal, to grant an out-of-time motion for rehearing pursuant to Missouri Supreme Court Rules 44.01(b) and 84.-17.

Rodgers contends that it would be utterly futile for him to seek leave to file an out-of-time motion for rehearing. He asserts Rule 84.17, which specifies that the "sole purpose of a motion for rehearing is to call attention to material matters of law or fact overlooked or misinterpreted by the court, as shown by its opinion," is inapplicable in his section 2254 proceeding because: (1) the issues raised here were not decided in the opinion of the Missouri Court of Appeals; and (2) the Missouri Court of Appeals' written decision does not appear to overlook or misinterpret any matters of law or fact. Appellant maintains that no grounds for relief, as required by the terms of Rule 84.17, exist under the facts of this case. Appellee merely responds that such out-of-time motions for rehearing are frequently granted.

■ We conclude that an out-of-time motion for rehearing would be futile under the facts of this case. As previously noted, Rule 84.17 specifies that the sole reason for rehearing is to call the Missouri Court of Appeals' attention to "material matters of law or fact overlooked or misinterpreted by the court, as shown by its opinion." The Missouri Court of Appeals which heard Rodgers' *coram nobis* appeal did not overlook material matters of law or fact; it expressly considered and rejected the sole contention raised by Rodgers in that *coram nobis* appeal. *Rodgers v. State*, 580 S.W.2d 514 (Mo.App.1978). Since Rodgers abandoned the three issues raised at the trial level in his state *coram nobis* action, it would be futile to call the Missouri Court of Appeals' attention to those matters which were not pursued on appeal. In short, it is entirely too speculative to conclude that the Missouri Court of Appeals would choose to "rehear" issues never presented to it in the first instance.

Similarly, Rodgers asserts that it would be futile to seek relief under the rules relating to transfer of cases from the Missouri Court of Appeals to the Missouri Supreme Court.[10] Appellee suggests Rodgers should request the Missouri Court of Appeals to transfer his *coram nobis* case to the Missouri Supreme Court pursuant to Rule 83.02. Additionally, appellee suggests that in the event Rodgers is unsuccessful under Rule 83.02, he should be required to directly request the Missouri Supreme Court to transfer that matter pursuant to Rule 83.03.

Appellee's 83.03 argument may be quickly rejected. The record shows that Rodgers petitioned the Missouri Supreme Court for transfer of his *coram nobis* appeal, but was denied relief. Obviously then, the Rule 83.-03 procedure has been exhausted.

■ Rule 83.02 specifies that either of two grounds warrant transfer by the Missouri Court of Appeals: (1) where the case involves a question of general interest or importance; or (2) for the purpose of re-examining existing state law. Rodgers maintains that neither of these grounds exists in the instant proceeding. We agree.

Rule 83.02 specifies a procedure whereby a defined legal controversy properly before the Missouri Court of Appeals may be reviewed by the Missouri Supreme Court. The transfer of a controversy must necessarily be limited to a transfer of only those issues properly presented and preserved before the Missouri Court of Appeals. Under the facts of this case, therefore, a successful transfer under 83.02 would only enable review of Rodgers' argument that all indigent pro se *coram nobis* movants are entitled to appointment of counsel. Since that issue is not asserted in the instant section 2254 proceeding, even a successful transfer under 83.02 would be entirely irrelevant to our inquiry concerning whether Rodgers has exhausted state remedies as to the three issues actually raised in his section 2254 action. In this sense, Rule 83.02 simply could

**10.** Missouri Supreme Court Rule 83.

not secure Missouri Supreme Court review of those issues relevant to this federal proceeding. Therefore, we hold that Rule 83.-02 procedure is futile for Rodgers under the facts of this case.

■ Appellee's third suggested state post conviction mechanism presents a closer question, and we find that it must be exhausted by Rodgers prior to seeking section 2254 relief. Appellee contends that Rodgers has an adequate and available state remedy in a motion to "recall the mandate" pursuant to *Hemphill v. State*, 566 S.W.2d 200 (Mo.1978) (en banc). *Hemphill* held that: "Relief from defects in proceedings before the appellate courts are beyond the scope of the remedy [Rule 27.26] [11] and such relief should be sought only in the appellate court of rendition and there by motion to recall the mandate, vacate the sentence of affirmance and redocket the cause for rehearing." *Id.* at 208. The rationale for *Hemphill* is that Rule 27.26 authorizes the trial court to set aside a judgment of conviction for infirmities arising only from trial proceedings. *Id.* The Missouri Supreme Court therefore concluded that issues relating to acts or omissions of counsel in the appellate process "and their contaminating effect on that appeal" may be raised only in the appellate court which rendered the final judgment in that appeal. *Id.*

Rodgers asserts *Hemphill* is inapplicable to the section 2254 exhaustion question because, in his view, the *Hemphill* procedure is limited to attacking only infirmities in counsel's performance on *direct appeal*. Rodgers thus maintains that *Hemphill* does not apply to counsel's failure to raise issues on appeal in a post conviction proceeding.[12] Although this question is a close one, we do not read *Hemphill* as being so limited.

We agree with appellee that Rodgers must exhaust the *Hemphill* procedural mechanism. Although Rodgers is correct in pointing out that *Hemphill* involved claims of counsel ineffectiveness on direct appeal, the rationale of that decision seems equally applicable in the context of appeals from Missouri post conviction procedures. As noted in *Hemphill*, the appellate court which rendered the final judgment in a particular appeal is in the best position to rule and determine issues involving acts or omissions of counsel in the appellate process and judge their contaminating effect on that appeal. *Hemphill, supra*, 566 S.W.2d at 208. The facts of this case fall within that rationale.

In our view, the failure to pursue three colorable issues on *coram nobis* appeal raises a genuine question of counsel effectiveness. That failure also raises the question of whether the abandonment of those three issues resulted in a legal waiver of same. It is essential to note, as did the district court, that Rodgers has never presented the three issues he asserts in his section 2254 proceeding to a Missouri appellate court. We find that fatal to his present cause of action. We hold, therefore, that Rodgers must initially request the Missouri Court of Appeals to recall its mandate, vacate its sentence of affirmance and redocket the cause for rehearing. *Hemphill, supra*, 566 S.W.2d at 208. The Missouri Court of Appeals should have the first opportunity to consider the reasons and circumstances surrounding the decision to abandon those three colorable issues on *coram nobis* appeal. If the failure to pursue those issues is found to be the result of counsel incompetence, the Missouri Court of Appeals may, under *Hemphill*, consider those contentions on the merits.

Rodgers invoked Rule 27.26 to attack his 1973 robbery conviction. *See* note 14 *infra*.

**11.** Missouri Supreme Court Rule 27.26 provides a postconviction procedure to vacate, set aside or correct sentences imposed: (1) in violation of the constitution and laws of Missouri or the United States; (2) without jurisdiction of the sentencing court to do so; (3) in excess of the maximum sentence authorized by law; or (4) which are otherwise subject to collateral attack.

**12.** Appellant does not attempt to distinguish between appeals from *coram nobis* or Rule 27.26 actions.

On the other hand, the Missouri Court of Appeals might also find that the failure to appeal those issues constituted a deliberate bypass or waiver of those matters. Of course, it is possible for a criminal defendant to deliberately bypass state procedures and, as a result, waive the right to assert the bypassed matters in a federal habeas proceeding. *See, e. g., Wainwright v. Sykes*, 433 U.S. 72, 86–88, 97 S.Ct. 2497, 2506–2507, 53 L.Ed.2d 594 (1977) (failure to comply with state contemporaneous objection rule); *Sanders v. United States*, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963) (28 U.S.C. § 2255 context); *Fay v. Noia*, 372 U.S. 391, 438–39, 83 S.Ct. 822, 848–849, 9 L.Ed.2d 837 (1963) (failure to appeal). However, a finding by the Missouri Court of Appeals that Rodgers waived the three issues would not be binding on a federal court in a section 2254 proceeding because waiver affecting federal rights is a federal question to be determined under federal standards. *Fay v. Noia, supra*, 372 U.S. at 439, 83 S.Ct. at 849; *Harris v. Brewer*, 434 F.2d 166, 168 (8th Cir. 1970). Rodgers argues that the district court should have conducted a hearing to determine whether he deliberately bypassed the opportunity to raise his three contentions on state *coram nobis* appeal. This assertion is premature; however, it would constitute the proper ground upon which to seek section 2254 relief in the event the Missouri Court of Appeals made such a finding of waiver.[13]

In summary, we affirm the district court's holding that Rodgers has failed to exhaust state remedies as required by 28 U.S.C. § 2254(b) and (c), but disagree with the court's conclusion that state rehearing and transfer procedures need be exhausted. We hold, however, that Rodgers must exhaust the procedure defined by *Hemphill v. State, supra*, 566 S.W.2d 200. We nevertheless emphasize that our decision is without prejudice to Rodgers' right to pursue his claims in federal court if relief is sought from and denied by the state appellate courts.[14]

Affirmed.

---

13. Should this matter ever return to the district court for a deliberate bypass inquiry, we express no opinion whether Rodgers' failure to pursue three issues in his state *coram nobis* appeal would be analyzed under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), or *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Our own decisions are not clear on this point. *See generally, Parton v. Wyrick*, 614 F.2d 154, 157 (8th Cir. 1980); *Collins v. Auger*, 577 F.2d 1107, 1108–11 (8th Cir. 1978); *Cain v. Missouri*, 518 F.2d 1180, 1181–82 (8th Cir. 1975).

14. Although the present case involves only an attack on the 1971 convictions used to enhance Rodgers' 1973 sentence of thirty-five years,

Rodgers has also attacked his 1973 conviction directly through a Rule 27.26 proceeding. *See Rodgers v. State*, 580 S.W.2d 510 (Mo.1978) (en banc) (also published at 567 S.W.2d 634). In *Rodgers*, the Missouri Supreme Court held that the trial court should have appointed counsel in the 27.26 proceeding to help state Rodgers' colorable claim that he was denied effective assistance of counsel at his trial for first degree robbery, and remanded to the trial court for further proceedings. Rodgers' 27.26 action attacking his robbery conviction is relevant to the present habeas action in that the need for any section 2254 relief is obviated if Rodgers gains his freedom via *any* state post conviction mechanism.