**Vernon R. FORBES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31402.**

Missouri Court of Appeals,
Western District.

Dec. 22, 1981.

James L. Lyons, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and DIXON and LOWENSTEIN, JJ.

PER CURIAM:

Movant appeals the denial of his 27.26 motion after an evidentiary hearing. Affirmed.

Movant alleges the trial court erred in not sustaining his motion (1) because his trial counsel was ineffective; (b) because of prosecutorial comment on his failure to testify; and (c) because of improper juror conduct. Recitation of the facts is limited to those pertaining to the alleged errors.

On this appeal, movant alleges that his trial counsel was ineffective in (1) failing to preserve movant's right to file a motion for

new trial and appeal; and (2) failing to contact a potential defense witness.

■ Movant was convicted by a jury for felonious stealing in violation of § 560.156, RSMo 1978 [1] and upon proper application of the Persistent Offender Act, he was sentenced to eight years for that conviction. No direct appeal was taken from this conviction because that waiver of appeal was part of a sentencing bargain struck with the prosecution. The record indicates that at the time of trial on the stealing charge, three other charges (one for burglary II and two for stealing) were pending against movant. In addition, movant had previously been tried for possession of burglary tools, a trial which resulted in a hung jury.

As a result of negotiation by movant's counsel, a sentencing bargain was reached which provided that movant was to serve eight years on the stealing conviction, plead guilty to the three pending charges and receive five years on each count, the sentences to run concurrently with the eight-year sentence. In exchange, the prosecution agreed to dismiss the burglary tool charge. Movant was to waive his right to file a motion for new trial on the stealing conviction.

In this 27.26 proceeding, movant now attacks his trial counsel, alleging that counsel was ineffective because he did not preserve movant's right to file a motion for new trial. This allegation appears to be nothing more than a sham. In addition, movant voluntarily and knowingly waived such right as can be seen in the following exchange between the court, prosecution and movant:

> "(The prosecution) . . . These things in mind, Mr. Forbes, do you waive your right to file a motion for new trial in this case?
>
> Defendant: I do.
>
> The Court: And do you understand that by doing so, you also waive your right to a direct appeal in this case?
>
> Defendant: Yes."

In addition to the foregoing, testimony upon the record of the evidentiary hearing further supports the conclusion that movant made a knowing and voluntary waiver of his right to file a motion for new trial and appeal. The trial court made a specific finding and conclusion that such waiver was made knowingly and voluntarily, and it cannot be said under the evidence that such findings and conclusions were clearly erroneous. Movant's allegation that counsel was ineffective for failing to preserve movant's right to file a motion for new trial and appeal are found to be without merit.

■ In the second part of movant's bifurcated attack on his trial counsel, he alleges that his counsel was ineffective for failing to contact a potential defense witness. Appellant became aware of the whereabouts of the alleged witness the morning of trial. Defense counsel visited with movant numerous times prior to trial, and movant never mentioned this witness to counsel during those visits. On the morning of the trial, movant advised his counsel that the witness could not attend the trial due to a death in the witness's family. Movant urged counsel to seek a continuance and counsel advised movant that he made such request but it was denied by the court. Movant never advised counsel of the substance of the witness's testimony, made bare allegations in his 27.26 motion that his counsel was ineffective upon failing to contact the alleged witness, and completely failed (in his motion and upon the evidentiary hearing) to disclose how the testimony of the alleged witness would have helped him. Movant failed to carry his burden of proof on this allegation.

The standard applicable is that prescribed by *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). The record reveals that trial counsel undertook pretrial investigation and discovery. The whereabouts of the alleged witness were not made known to counsel until the morning of trial, and counsel was advised that the witness could not be available for trial. Even at the drafting of this opinion, the record fails to show that coun-

1. Effective January 1, 1979, see §§ 570.010, 570.030 to 570.060.

sel and the court have ever been made aware of the nature of this witness's testimony and how it would have helped movant. In applying the standard set forth in *Seales* to the facts and circumstances of the instant case, it cannot be said that counsel was ineffective, or that the findings and conclusions entered relative to this allegation are clearly erroneous. There is no merit to movant's charges of ineffective assistance of counsel.

Turning to movant's remaining alleged errors, this court finds that the trial court entered its findings and facts, concluding such matters to be mere trial error and not cognizable in a 27.26 motion. Such findings and conclusions were correct and not clearly erroneous. Movant's charge of improper prosecutorial argument relates to trial error and is not within Rule 27.26. *Tyler v. State*, 574 S.W.2d 434, 435 (Mo. App.1978). In the instant proceedings, movant, by accepting the sentence bargain, waived such possible error when, as a part of the sentence bargain, he waived his right to file a motion for new trial and appeal. The record fails to reveal any direct statement by the prosecution of movant's failure to testify.

The trial court, in its findings and conclusions, ruled against appellant and declared:

"In the context of the case the Prosecutor did not make a direct comment on Petitioner not testifying ... The prosecutor did not directly allude to Petitioner's failure to testify when considered in the context of the whole case. The Defendant waived any possible error when he waived new trial motion and accepted sentencing."

Review of the record accompanied by application of the rule in *Tyler* [see also *Booth v. State*, 491 S.W.2d 286, 288 (Mo.1973) and *Shepherd v. State*, 529 S.W.2d 943 (Mo.App. 1975)] discloses that the findings and conclusions of the trial court were not clearly erroneous.

Concerning movant's final contention of juror misconduct, it is argued that there was a denial of trial by a fair and impartial jury because one of the jurors had lunch with his wife who allegedly was in the courtroom during the second offender hearing. Movant makes the bald assertion that "more than likely the juror and his wife talked about the case at lunch, particularly about the appellant's prior convictions."

At the evidentiary hearing on the 27.26 motion, movant claimed he brought this matter to the attention of his counsel, who in turn brought the matter to the court's attention. The judge then questioned the juror as to whether the case had been discussed. This inquiry was not made part of the record, but following such inquiry, the juror was not discharged. While defense counsel moved for a mistrial, he also testified at the evidentiary hearing that he was convinced the juror question provided no basis for reversible error, and in his professional opinion, to file a motion for new trial on this basis would have been a futile gesture.

The trial court made the following findings and conclusions:

"There is a paucity of evidence that the verdict of the jury was infected by the presence of a juror's wife in the courtroom, or that the wife commuted any information given to the juror. From the evidence heard this court is not convinced that the juror's wife heard any facts detrimental to Petitioner and certainly cannot find that any information was conveyed to a juror by his wife ... There was no juror misconduct but said alleged misconduct is not cognizable under Rule 27.26."

Juror contact with others has been recognized by our courts as trial error reviewable by direct appeal. *Milentz v. State*, 545 S.W.2d 688, 690 (Mo.App.1976) and *Eaton v. State*, 586 S.W.2d 792, 794 (Mo.App.1979). Review of the record, accompanied by application of the rules announced in *Milentz* and *Eaton*, discloses that the findings and conclusions of the trial court were not clearly erroneous. As applicable under movant's allegations of improper prosecutorial argument, movant knowingly and voluntarily

waived his right to file a motion for new trial and appeal as an integral part of his sentence bargain. Movant's final contention is without merit.

There is no merit to movant's appeal. The findings and conclusions of the trial court are found to be not clearly erroneous and the judgment entered upon movant's Rule 27.26 motion is in all respects affirmed.