**826**

**Bobby David PICKETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 48904.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 1985.

Application to Transfer Denied
June 25, 1985.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Mary Elise Burnett, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Rule 27.26 proceeding.

On September 9, 1981, movant was convicted of two counts of burglary second degree and two counts of stealing. See *State v. Pickett*, 642 S.W.2d 703 (Mo.App. 1982).

Defendant alleged ineffective assistance of counsel and juror bias or misconduct. The Rule 27.26 motion court found movant was not entitled to an evidentiary hearing on his ineffective assistance of counsel allegation, granted him a hearing on the juror bias or misconduct allegation but denied his motion as to juror bias or misconduct after an evidentiary hearing on this issue. We affirm.

█ Juror bias or misconduct constitutes trial error and is outside the scope of Rule 27.26 proceedings. Rule 27.26(b)(3). *Milentz v. State*, 545 S.W.2d 688, 690 (Mo. App.1977) and *Forbes v. State*, 627 S.W.2d 58, 60 (Mo.App.1981).

█ Movant was not entitled to an evidentiary hearing in alleging he was denied effective assistance of counsel in that his lawyers did not devote sufficient time and energy to prepare properly for trial. In support of this conclusory allegation, he stated he would call two public defenders and the records to show their caseload prevented them from devoting sufficient time to his case.

His allegations were conclusory. *Rice v. State*, 585 S.W.2d 488, 492 (Mo. banc 1979). He alleged no facts to illustrate how additional preparation time would have changed the result of his trial. *Shelley v. State*, 655 S.W.2d 126, 128 (Mo.App.1983).

Judgment affirmed.

CRIST, P.J., and CRANDALL, J., concur.