**Charles L. ELLIS, Appellant,**

v.

**James MABRY, Commissioner, Arkansas Department of Correction, Appellee.**

No. 78-1742.

United States Court of Appeals, Eighth Circuit.

Submitted June 21, 1979.

Decided July 9, 1979.

David K. Gunti of Baim, Baim, Gunti, Mouser & Bryant, Pine Bluff, Ark., on brief, for appellant.

Bill Clinton, Atty. Gen., and Jesse L. Kearney, Asst. Atty. Gen., Little Rock, Ark., on brief, for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Charles L. Ellis pled guilty to a charge of first degree murder in the Circuit Court of Saline County, Arkansas, on December 8, 1958. He received a life sentence.

In 1968, Ellis filed a petition with the state court according to Arkansas Criminal Procedure Rule 1, challenging the validity of his conviction. The Supreme Court of Arkansas ultimately denied the petition. *Ellis v. State*, 245 Ark. 740, 434 S.W.2d 275 (1968).

In 1970, Ellis filed a habeas corpus petition with the United States District Court for the Eastern District of Arkansas. He alleged that his conviction was invalid because (1) he was arrested in New Mexico and returned to Arkansas without an extradition hearing, (2) he was confined before trial without benefit of an arraignment or preliminary hearing, and (3) he was never indicted by a grand jury. The District Court denied relief on the grounds that the guilty plea waived the alleged defects. Between 1970 and 1977, at least four additional petitions for habeas corpus were filed with the same court. All were denied.

In 1976, Ellis filed a second Rule 1 petition with the state court. He alleged for the first time that he had been denied effective assistance of counsel before, during and after his sentencing hearing. He also alleged that his plea of guilty was involuntary. The petition was denied and the denial was affirmed by the Arkansas Supreme Court in an unpublished per curiam opinion. *Charles Ellis v. State*, No. 5388 (Ark. Sept. 24, 1976). The court held that all grounds for postconviction relief must be raised in a petitioner's original or amended petition and that Ellis had not alleged or demonstrated an issue which could not have been asserted or included in his previous petition as constituting a violation of his constitutional rights.

On June 17, 1977, a sixth habeas corpus petition was filed with the District Court. Ellis alleged for the first time in federal court that he had been denied effective assistance of counsel before, at and after the sentencing proceeding and that his guilty plea was involuntary.

The District Court denied relief on alternative grounds: (1) that the issues raised had been previously decided adversely to Ellis, and (2) that if they had not been presented, it was his own fault and he could not present them in a subsequent habeas corpus petition.

The state concedes on appeal that the issues of ineffective assistance of counsel and the voluntariness of the plea have not been previously decided. It argues, however, that the petition was properly dismissed under Rule 9(a) and (b) of the rules governing § 2254 cases. This rule provides:

RULE 9. Delayed or successive petitions

(a) *Delayed petitions.* A petition may be dismissed if it * * * the state * * * has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

(b) *Successive petitions.* A second or successive petition may be dismissed if the judge finds that * * * if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The state contends that it is entitled to dismissal under Rule 9(a) because it has been prejudiced in its ability to respond to the petition by the passage of time and the destruction of the transcript; and under Rule 9(b) because Ellis's failure to raise issues in a prior petition was an abuse of the writ.

We conclude that the District Court was premature in ordering a dismissal. Although Rule 9(a) permits a dismissal if the state was prejudiced and the petition is based on grounds of which the petitioner could not previously have had knowledge by the exercise of reasonable diligence and 9(b) permits a dismissal if the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ,

the District Court made no such findings. Unless such findings are made, it would be improper to dismiss the petition without a hearing on the merits insofar as the issues raised in the petition have not been previously decided. *See Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The precise scope of the hearing on remand is committed to the District Court's discretion. *See id.* We express no opinion as to the merits of the petitioner's claims or as to the state's claims of prejudice or abuse of the writ.

Reversed and remanded.