**Dan Martin BOUCHILLON, Petitioner–Appellant,**

v.

**W. J. ESTELLE, Jr., etc., Respondent–Appellee.**

No. 80–1343
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 24, 1980.

Dan M. Bouchillon, pro se.

W. Reed Lockhoof, Asst. U. S. Atty., Austin, Tex., for respondent–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge.

■ Dan Martin Bouchillon filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to invalidate his 1951 Texas conviction for six offenses of burglary and two of theft over $50.00. Petitioner was convicted of burglary in 1974 in Texas state court and sentenced to life imprisonment as an habitual criminal. In this habeas petition he attacks the 1951 convictions which were used for enhancement in 1974 and which may have other collateral consequences.[1] In the Texas state habeas action, petitioner alleged he was denied counsel at critical stages of the trial, was coerced into a plea bargain agreement which was subsequently broken, and was coerced into a confession illegally obtained. Following a full evidentiary hearing on petitioner's allegations, the Texas state court denied the requested relief. The denial was affirmed by the Texas Court of Criminal Appeals without written opinion. Petitioner then filed the instant habeas petition in federal district court alleging the same defects in his conviction as were raised in the state habeas action.

---

1. In addition to enhancement, petitioner contends the 1951 convictions cause adverse collateral consequences in the form of parole consideration and prison and job classification.

On the basis of the state habeas hearing,[2] the district court adopted the findings and recommendations of the United States Magistrate and denied relief on all grounds. We affirm.

In his first claim, petitioner asserted that he was without counsel at critical stages of the state criminal proceedings, and being indigent, he did not knowingly, intentionally or willingly waive his right to counsel. The district court denied relief as to this issue on the ground that the documentary evidence showed that petitioner was in fact represented by counsel.

■ The evidence given in the Texas state habeas proceeding, on which the district court herein relied, bore primarily on the official court records that remain on file concerning the trial and the customary practices of petitioner's attorney. Other than petitioner and his sister, no person could testify with certainty and clear recollection as to the details of the trial.[3] Petitioner testified that although he had an attorney when the jury waiver form was signed, he had no counsel from the time he returned to court to make his plea until eventual sentencing. The numerous state court records[4] and the testimony as to the customary practices of petitioner's court–appointed counsel contradict petitioner at every point.[5]

■ It has long been recognized that the burden of proof is on the petitioner in a habeas corpus proceeding. *Swain v. Alabama*, 380 U.S. 202, 226–27, 85 S.Ct. 824, 830, 13 L.Ed.2d 759 (1965); *Rhodes v. Estelle*, 5 Cir., 1978, 582 F.2d 972, 973; *Banda v. Estelle*, 5 Cir., 1975, 519 F.2d 1057, 1058; *cert. denied*, 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975). The district court, considering all the evidence, found that this burden was not met. From our examination of the record of the Texas state habeas proceeding in this case, we cannot say that the district court below erred in denying the petition which was based on the assertion of lack of counsel at critical stages of trial.

Petitioner raised two other allegations in his petition for writ of habeas corpus herein. He contends that he was coerced into a plea bargain agreement which he asserts was broken by his three–year sentence instead of the two–year sentence he claims was agreed to. He also argues that his confession was illegally obtained. The district court dismissed these allegations because of petitioner's unreasonable delay, thereby placing respondent at an unjust disadvantage.

■ A petition for habeas corpus may be dismissed if the petitioner's unreasonable delay in filing the petition has prejudiced the state in its ability to respond. Habeas corpus has traditionally been subject to this rule under the equitable doctrine of laches.

2. In a habeas proceeding, the district court may reach a decision without conducting its own evidentiary hearing where it is clear from the record in the state habeas proceedings that the petitioner has received a full and fair hearing on all the issues raised in the petition. *Banda v. Estelle*, 5 Cir., 1975, 519 F.2d 1057, 1058 n.1, *cert. denied*, 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975).

3. Petitioner did call a veteran police officer who was present at the 1951 proceedings. It was obvious the officer's memory of the trial was not clear. The officer testified that he thought petitioner was not represented by counsel but he did not really know. He further testified that he did not remember seeing the attorney in the courtroom although he could have been there.

4. No less than sixteen printed court forms as completed indicate that A. Foy Curry was the petitioner's court–appointed counsel during the trial of all eight indictments. Records on Appeal, at 31–45 (there is a Judgment on Plea of Guilty form and a Sentence form for each indictment). Also both petitioner and attorney Curry signed the jury waiver form for the trial.

5. Court–appointed counsel A. Foy Curry had no independent memory of the case after twenty–seven years. However, he testified that it was his custom to remain with his client during the critical stages of the trial.

Evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards in a hearing on a petition for habeas corpus. *Webster v. Estelle*, 5 Cir., 1974, 505 F.2d 926, 930, *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975).

*Baxter v. Estelle*, 5 Cir., 1980, 614 F.2d 1030, 1032–33. The rule now applies under the provisions of Rule 9(a) of the Rules Governing Section 2254 Cases.[6]

■ To take advantage of Rule 9(a), the state must make a particularized showing that it has been prejudiced. *Paprskar v. Estelle*, 5 Cir., 1980, 612 F.2d 1003, 1008. We agree that this showing has been met. It was not until 1978 that petitioner filed the state habeas action. That was his first attack on the twenty–seven year old convictions. By this time, both the trial judge and prosecutor were deceased. The transcript of the trial had been destroyed and at least two of the witnesses no longer had an independent recollection of the facts of the trial.

■ Petitioner knew the facts upon which his last two allegations were based during the entire period.[7] It is difficult to understand why petitioner at least did not raise these issues at his 1974 trial when he knew that the 1951 convictions were being used against him for enhancement. Petitioner's delay is unreasonable in the extreme. Thus the district court was correct in dismissing petitioner's allegations as to the plea bargain agreement and the confession, pursuant to Rule 9(a).

AFFIRMED.

---

**6.** Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C., provides as follows:

Delayed Petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

**7.** Petitioner asserts that Rule 9(a) should not apply since he could not have brought the action before the right to counsel was declared in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is clear that the district court did not apply Rule 9(a) as to his first allegation on denial of counsel. Instead, it was only applied to the allegations concerning the coerced plea bargain agreement and the illegally obtained confession.