**James W. GRICE, Petitioner,**

v.

**STATE of Missouri, Respondent.**

**No. 44581.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
July 12, 1982.

Francis L. Ruppert, Stanley E. Goldstein, Donald V. Nangle, Clayton, for petitioner.

Gordon L. Ankney, Sp. Asst. Pros. Atty., Clayton, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

This is an appeal from the denial of petitioner's Application for Writ of Error Coram Nobis. Petitioner's Application for Writ alleged that on December 7, 1973, judgment was entered upon petitioner's plea of guilty to the offense of issuing checks with insufficient funds; that on January 11, 1974, the court on its own motion set aside the prior judgment and sentence and entered a new sentence; that petitioner was not present on January 11, 1974, when the court entered a new sentence; and that the conviction was used to enhance punishment with respect to a subsequent conviction of petitioner in the State of Texas.

Petitioner prayed the court "vacate and hold for naught the judgment and sentence."

The trial court denied petitioner's Application for Writ of Error Coram Nobis. No hearing was requested or held. Petitioner appeals, contending that his absence at resentencing renders the judgment "void." Coram Nobis is not a writ of right, *Powell v. State*, 495 S.W.2d 633–634, 635 (Mo. banc 1973), and our review of the denial of relief is limited to whether the trial court was "clearly erroneous." *Paxton v. State*, 565 S.W.2d 750, 752 (Mo.App.1978).

The trial court's denial of the requested relief was proper, and may be affirmed on any of several grounds. First, the record on appeal is insufficient to establish the facts alleged by petitioner. The plea proceedings are presumed correct and it is petitioner's burden to establish any infirmity, *State v. Stodulski*, 298 S.W.2d 420, 424 (Mo.1957). Petitioner has not filed any record of the proceedings indicating that he was absent.

The second reason is that the petition is not timely. The alleged defect in the sentencing proceedings was one that could have been raised by a motion under Rule 27.26. *See, State v. Friedman*, 431 S.W.2d 72 (Mo.1968). Petitioner has not exercised reasonable diligence in attacking the sentencing. *See, Turnbough v. State*, 544 S.W.2d 894 (Mo.App.1976).

Third is the reason that the lower court had no jurisdiction to reopen the case after final judgment was rendered on December 7, 1973, *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692 (Mo. banc 1979). Hence petitioner stands convicted as of that date notwithstanding any defect in the resentencing.

Finally, petitioner has not alleged facts demonstrating that he will benefit from the grant of relief. His petition states that the conviction which was used to enhance his later punishment occurred on December 7, 1973. This would be the first time petitioner was sentenced. Hence peti-

tioner would only benefit from the vacating of the judgment entered upon the first sentencing proceedings, but petitioner does not challenge those proceedings. Hence any relief which might be forthcoming for the alleged defect in the resentencing would not alleviate the adverse consequences which petitioner is suffering as a result of the December 7, 1973 conviction. Failure to allege facts showing that petitioner would benefit from a grant of relief is grounds for refusing relief. *See, Powell v. State*, 495 S.W.2d 633 (Mo. banc 1973).

Judgment affirmed.

SNYDER and CRIST, JJ., concur.