**Seymour X COTTON, Jr., Appellant,**

v.

**James MABRY, Director, Arkansas Department of Correction, Appellee.**

**No. 81–1824.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1981.

Decided March 31, 1982.

Mark L. Ross, Ross & Ross, P.A., Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Leslie M. Powell, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Seymour X Cotton filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1969 Cross County, Arkansas jury conviction for which he received a five year sentence and a 1969 Cross County guilty plea for which he received a 15 year suspended sentence. The district court[1] adopted the magistrate's[2] findings of fact and conclusions of law dated April 7, 1981, and dismissed Cotton's petition pursuant to 28 U.S.C. § 2241(c) and Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Cotton appeals from the district court's judgment and order of July 13, 1981.

### I. Background

Cotton was convicted of burglary by a jury in Cross County, Arkansas, on September 9, 1969, for which he received a sentence of five years. That same day, Cotton pled guilty to second degree burglary and grand larceny and received a 15 year suspended sentence. Cotton filed a petition in state court on June 18, 1973, for post-con-

---

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western District of Arkansas.

2. Magistrate Henry L. Jones, Jr.

viction relief requesting a rehearing of the Cross County charges. The petition was dismissed without prejudice on February 4, 1974, at Cotton's request. Sometime in 1971 Cotton was paroled from his five year burglary sentence.

On January 31, 1973, Cotton was arrested in St. Francis County, Arkansas, and charged with robbery. He was convicted in August 1973, in St. Francis County and received a 21 year sentence. On February 5, 1974, suspension of the 15 year Cross County sentence was revoked and the sentence was added to the St. Francis County sentence. Cotton's total sentence was 36 years.

On May 13, 1974, Cotton's St. Francis County conviction was affirmed by the Arkansas Supreme Court. Cotton filed a federal habeas petition on August 29, 1974, attacking the St. Francis County conviction which the federal district court denied on January 26, 1977.

In July 1977, Cotton filed an Arkansas Rule One motion for post-conviction relief in Cross County Circuit Court requesting, *inter alia*, that the 15 year Cross County sentence be consolidated with the St. Francis County sentence. Cotton's petition was dismissed on September 9, 1977. On March 21, 1979, Cotton attempted to file an appeal of the denial of his 1977 Rule One petition. Cotton was notified that a transcript of the Rule One proceeding had not been filed and the time for filing had passed. Thus, his appeal was not filed.

On May 7, 1979, Cotton filed the present habeas petition challenging both the Cross County conviction and guilty plea. The magistrate did not hold an evidentiary hearing but directed the parties to supplement the record to explain the reasons for petitioner's delay in filing this habeas action and to reconstruct the events surrounding the 1969 conviction and guilty plea.

The district court dismissed the portion of the petition relating to the 1969 jury conviction for the reason that Cotton was not "in custody" as required by 28 U.S.C. § 2241(c). Cotton had served the five year sentence before the habeas petition was filed. The district court dismissed the portion of the petition relating to the 1969 guilty plea under Rule 9(a) because of Cotton's 10 year delay in filing the petition. We affirm the district court's dismissal of the habeas petition.

## II. Section 2241 custody requirement

The writ of habeas corpus is available only to one who is in custody. 28 U.S.C. § 2241(c). Cotton contends that he is in custody with respect to his 1969 jury conviction although he has served the five year sentence. He argues that the effect of the 1969 jury conviction was to prolong the two subsequent sentences which he is presently serving.

This court has stated in reference to the section 2241(c) custody requirement that:

In *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968) the Court held that because of the "collateral consequences" of a conviction, the case of a habeas corpus petitioner who had been released from custody did not become moot. However, Carafas had filed his habeas corpus petition while he was still incarcerated. The Court was careful to point out that jurisdiction had attached when the petition was filed, while the petitioner was "in custody." *Carafas v. LaVallee, id.*, 391 U.S. at 238, 88 S.Ct. 1556, 1559. *The collateral consequences of conviction only kept the case from becoming moot; they did not suffice to give the federal courts jurisdiction.*

*Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976) (emphasis added). The influence which the five year sentence may have had on the subsequent sentences is a collateral consequence and does not give this court jurisdiction to grant habeas relief.

The custody requirement "has been equated with significant restraint on liberty, such as parole, or release on one's own recognizance." *Id.* at 841 (citations omitted). Because Cotton has served his sentence and is no longer incarcerated or on parole in conjunction with the 1969 jury

conviction, we find that he may not challenge that conviction because he is not in custody within the meaning of section 2241(c).

### III. Rule 9(a) delay

■ The district court dismissed the portion of the petition relating to the 1969 guilty plea under Rule 9(a) of the Rules Governing Section 2254 Cases. Rule 9(a) states:

> (a) Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

*See also Ellis v. Mabry*, 601 F.2d 363, 364 (8th Cir. 1979). Rule 9(a) is a limitation based on the equitable doctrine of laches; the court must use its discretion in weighing the equities involved. 28 U.S.C. § 2254, Rule 9, Advisory Committee Note at 1137; *see also Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 843, 9 L.Ed.2d 837 (1963).

■ The doctrine of laches "requires not only unreasonable delay but also that the delay work to the detriment of the other party." *Baxter v. Estelle*, 614 F.2d 1030, 1035 (5th Cir. 1980), *cert. denied*, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981). We address first the question of whether Cotton's delay in bringing this petition was unreasonable and then whether the state was prejudiced by the delay.

### A. Reasonableness of the delay

■ Cotton admits that the "petition was based upon grounds for which he could previously have had knowledge," but he argues that the delay was justified and was not unreasonable because the delay was caused by (1) his efforts to exhaust his state remedies on the St. Francis County conviction as required by 28 U.S.C. § 2254(b) and (c); and (2) the state court's failure to provide him with a transcript of the 1969 proceedings.

Cotton argues that he pursued his challenge of the St. Francis County conviction first because a reversal of that conviction would have again suspended his 15 year sentence, thus obviating the need for a challenge of the guilty plea. The district court held that the petition regarding Cotton's 1969 guilty plea would not have been barred for failure to exhaust state remedies on the unrelated St. Francis County conviction and therefore Cotton's efforts to exhaust did not justify the delay. Further, the district court held that Cotton's decision to appeal the St. Francis County conviction before bringing the present habeas petition was a tactical one which he cannot now challenge.

Cotton argues that the delay from 1977 until 1979 resulted from the state court's failure to provide him with a transcript of the 1969 proceedings. The district court held that Cotton was not entitled to a free transcript because he failed to show a compelling need for one. The question is not whether Cotton was entitled to a transcript but whether his delay in filing the habeas petition during the nine year period the transcript was available was reasonable.

■ We find the 10 year delay in filing this habeas petition was unreasonable. We recognize the general rule that lapse of time alone may not warrant denial of the writ, *Paprskar v. Estelle*, 612 F.2d 1003, 1007 (5th Cir.), *cert. denied*, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980), but we find no justification here for petitioner's 10 year delay.

Petitioner was aware of the facts upon which he relies in challenging his guilty plea years before he brought this action. In fact he admits that he knew or should have known of the claims he now raises. We agree with the district court that the decision to challenge the St. Francis County conviction prior to filing the present petition was a tactical decision of which petitioner cannot now complain. We find it difficult to understand why petitioner did not raise his claims at, or immediately after, his St. Francis County trial when he knew

the 1969 guilty plea would be used to enhance his sentence. *See Bouchillon v. Estelle*, 628 F.2d 926, 929 (5th Cir. 1980). Because we find the delay to have been unreasonable our next inquiry is whether the state was prejudiced by the delay.

### B. Prejudice to the state

Rule 9(a) permits dismissal of a habeas petition where the state shows that it has been prejudiced by the delay. *Ellis v. Mabry, supra*, 601 F.2d at 364; *Bouchillon v. Estelle, supra*, 628 F.2d at 929. The state filed affidavits with the court to support its contention that it had been prejudiced by the 10 year delay.

The affidavits state that Cotton's attorney in the 1969 proceeding has no recollection of representing Cotton in 1969 and had not retained his files of the case. The court reporter recalled the 1969 trial but stated that she did not make a transcript and that she destroyed all of her notes, with permission of the court, in 1978.[3] Affidavits from the attorneys, police and witnesses involved in the 1969 proceeding reveal that none of them had sufficient recollection of the 1969 events upon which the state could rely in responding to the habeas petition. We hold that the state has made a showing of prejudice.

We do not presume prejudice to the state merely from the absence of a transcript or witnesses. *See Mayola v. Alabama*, 623 F.2d 992, 1000 (5th Cir. 1980), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303

(1981). We find that the state has shown actual prejudice from petitioner's delay because the lack of a transcript and witnesses here deprived the state of any opportunity to demonstrate that the guilty plea had been voluntarily made. We can conceive of no other means for the state to rebut petitioner's claim that his 1969 guilty plea was involuntary than by reference to the transcript and witnesses' recollection.[4]

### IV. Conclusion

We affirm the district court's dismissal of Cotton's habeas petition pursuant to 28 U.S.C. § 2241(c) and Rule 9(a).[5]

HEANEY, Circuit Judge, dissenting.

I join the Court in holding that the in-custody requirement for habeas relief bars petitioner's attack on his 1969 jury conviction. I dissent, however, from invoking laches to bar petitioner's claims in connection with his 1969 guilty plea.

The petitioner was convicted by a jury of burglary in 1969, for which he received a five-year prison term. At the same time, he pled guilty to an unrelated burglary and received a fifteen-year suspended sentence. He was paroled from the five-year term in 1971. In 1973, the petitioner was convicted of a new burglary offense in St. Francis County, for which he received a twenty-one-year term. Based upon this new St. Francis County conviction, the 1969 suspended sentence was revoked and a fifteen-year term was imposed to run consecutively

---

**3.** It was undisputed by the parties that a transcript could have been made from the court reporter's notes at any time during the nine years between 1969 and 1978.

**4.** Petitioner argues that the transcript and witnesses were unnecessary to a determination of the voluntariness of the guilty plea because by introduction of objective evidence of the court's methods of taking guilty pleas in 1969 it might be determined that all guilty pleas at that time were involuntary. *See, e.g., Hamilton v. Watkins*, 436 F.2d 1323 (5th Cir. 1970). This, however, does not refute the state's showing of prejudice because we believe the state should have the opportunity to show that Cotton's guilty plea was voluntary. *Mayola v. Alabama*, 623 F.2d 992, 1000–01 (5th Cir. 1980), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d

303 (1981). Without the transcript or witnesses to the 1969 proceeding the facts surrounding Cotton's guilty plea cannot be known.

**5.** At oral argument, counsel for Cotton contended that the 1969 suspended sentence must be deemed to run concurrently with the five-year prison sentence imposed for burglary after the jury trial. In 1974, a second judge in revoking this suspended sentence imposed the full fifteen-year term to run consecutively to the 1974 conviction and twenty-one-year sentence. Neither the district court nor the magistrate considered the constitutional implications of that action in the present proceedings because it was not raised by the parties before the district court. Neither do we address that contention in this appeal.

with the twenty-one-year term imposed on the St. Francis conviction.

Although the petitioner did not attempt to attack the 1969 guilty plea in a federal court until the present action was commenced in 1979, his delay was not, in my view, unreasonable. From 1969 to 1974, the petitioner was never incarcerated based upon the guilty plea. The fifteen-year sentence had been suspended and had no effect whatsoever until the suspension was revoked in 1974 and a fifteen-year consecutive term was imposed. After that revocation and through the present action in 1979, the petitioner pursued several attacks in state court on both the St. Francis County conviction and the 1969 guilty plea. He also sought and was denied federal habeas relief on the St. Francis conviction during this period. The petitioner explains that he did not attack the 1969 plea and suspension in federal court until he had exhausted his state and federal attacks on the St. Francis conviction. Because the suspension was revoked only due to the St. Francis conviction, he reasoned that overturning that conviction would also lead to relief from the revocation. This legal reasoning is hardly flawless, but it does explain the petitioner's delay and, in my view, precludes finding that the delay was so unreasonable as to bar federal review of his claim.

As the majority notes, *supra,* at 704, even if the petitioner's delay is thought unreasonable, he is still entitled to federal review of his claim unless the state has been so prejudiced by the delay that such review would be unfair. In my view, the record does not establish such prejudice.

The most significant evidence lost during the passage of time was destroyed by action of the state. It seems inexcusable to allow the state to destroy evidence and then claim prejudice by virtue of such destruction. Here, the relevant evidence consisted of transcript notes of the 1969 plea and sentencing proceeding, which were destroyed with court approval in 1978. The state contends that the petitioner had the duty to preserve his record. Under the circumstances of this case, however, I believe the state had a burden to preserve at least this much of the record. The state knew that the fifteen-year suspended sentence in 1969 meant that the petitioner would face potential revocation for many years to come and that a challenge to the plea and sentence might not arise until a prison term was actually imposed. In fact, after a term was imposed, the petitioner did attack the plea and sentence in a state court action and did request a transcript of the plea proceedings in 1977—when such records were still available. The state contends he did not make a proper showing of entitlement to the transcript. Even if this contention by the state is valid, the petitioner's request put the state on notice that the 1969 plea was under attack and that the transcript would be relevant. The state nonetheless destroyed the transcript notes in 1978 and now claims prejudice from its own actions. I cannot accept such an application of the equitable doctrine of laches.

The petitioner also claims that it was impermissible to impose his suspended sentence as a consecutive term because, as a matter of Arkansas law, the sentence must be presumed to have been concurrent with the 1969 five-year sentence. *See supra,* at n.5; *Williams v. State,* 229 Ark. 42, 313 S.W.2d 242 (1958). This is a legal claim largely unaffected by the state's destruction of evidence. Because neither the magistrate, district court nor this Court have passed on such a claim, the petitioner remains free to raise it in an appropriate proceeding.