**Joseph H. MOORE, Petitioner-Appellant,**

v.

**Stephen T. SMITH, Steven Beshear, Respondents-Appellees.**

**No. 81–5175.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 22, 1982.

Decided Dec. 2, 1982.

Certiorari Denied March 21, 1983. See 103 S.Ct. 1442.

J.H. Highfield, Louisville, Ky., court appointed, for petitioner-appellant.

Steven L. Beshear, Atty. Gen., John H. Gray, Asst. Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before KENNEDY and WELLFORD, Circuit Judges, and CECIL, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Petitioner appeals the summary dismissal of his petition for a writ of habeas corpus under Rule 9(a) of the Rules Governing 28 U.S.C. § 2254 Cases. The District Court held that the Commonwealth of Kentucky had been prejudiced by petitioner's 11-year delay in filing the writ. We affirm.

Petitioner, Joseph H. "Pete" Moore, is presently an inmate of the Kentucky State Reformatory, LaGrange, serving a life sentence for willful murder under a judgment dated February 1970. A notice of appeal from that judgment was filed on behalf of petitioner by privately retained counsel but the appeal was never perfected. Predicated on the failure to perfect this appeal, petitioner claims he received ineffective assistance of counsel in violation of the sixth amendment.

Petitioner was paroled in August 1977; however, while on parole he was convicted of second degree assault, once again incarcerated, and sentenced to ten years' imprisonment to run consecutively to the previously imposed life sentence.

On December 10, 1980, approximately 11 years after entry of the contested judgment for wilful murder, petitioner submitted his pro se petition for a writ of habeas corpus to the United States District Court for the Western District of Kentucky alleging ineffective assistance of counsel at trial, and afterwards in failing to perfect an appeal. On February 13, 1981, the District Court dismissed the petition without a hearing pursuant to Rule 9(a) of the Rules Governing § 2254 Cases for lack of merit of the claims asserted and for prejudice to the state resulting from the delay in filing.

Rule 9(a) provides:

Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Rule 9(a) was enacted by Congress to discourage the filing of stale claims. It constitutes a legislative attempt to balance conflicting public policies, the right of the petitioner not to be unconstitutionally detained and the right of the state to dispute the petitioner's claim. These conflicting interests are reflected in the legislative history to Rule 9(a) as summarized in *McDonnell v. Estelle,* 666 F.2d 246, 251 (5th Cir.1982): [1]

As originally proposed by the Supreme Court, Rule 9(a) provided that a petition filed more than five years after the conviction was presumed to have prejudiced the state. Unless the petitioner rebutted the presumption, the petition was dismissed. Congress found this provision too harsh and deleted it from the Rule. H.Rep. No. 1471, 94th Cong., 2d Sess. 1, 5 *reprinted in* [1976] U.S.Code Cong. & Ad. News 2478, 2481.

---

1. Rule 9(a), 28 U.S.C. foll. § 2254, advisory committee note, quoted and discussed at footnote 12 in *Davis v. Adult Parole Authority,* 610 F.2d 410, 414 (6th Cir.1979), provides an in-

sight to the drafters' original intent to provide a presumption of prejudice. Congress deleted the presumption language.

As it ultimately was passed, Rule 9(a) requires the state to prove that it has been prejudiced in its ability to respond to the habeas petition as a result of the petitioner's delay in filing.

\* \* \* \* \* \*

If the state makes a prima facie showing that it has been prejudiced as a result of the petitioner's delay, the burden shifts to the petitioner to show either that the state actually is not prejudiced or that petitioner's delay "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Rule 9(a), 28 U.S.C. foll. § 2254.

▮▮▮ Since Rule 9(a) provides for summary disposition of habeas petitions on grounds not related to constitutional allegations, its application must be limited to avoid abrogation of the very purpose of the writ. *See McDonnell, supra; Davis v. Adult Parole Authority,* 610 F.2d 410, 413 (6th Cir.1979). Rule 9(a) is not intended to function as a statute of limitations. "[L]apse of time alone may not warrant denial of the writ." *Cotton v. Mabry,* 674 F.2d 701, 704 (8th Cir.1982), citing *Paprskar v. Estelle,* 612 F.2d 1003, 1007 (5th Cir.), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980). Rather, Rule 9(a) codifies the equitable doctrine of laches which has been applied in habeas cases to preclude a person from profiting to the detriment of another by his own delay in enforcing his rights. This Court recently adopted a two-pronged test for applying the equitable doctrine of laches to Rule 9(a) cases.

> First, the state must appear to have been prejudiced in its ability to respond to petitioner's claims. Second, the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier.

*Davis,* 610 F.2d at 414, cited with approval in *Ford v. Superintendent, Kentucky State Penitentiary,* 687 F.2d 870, 873 (6th Cir. 1982).

In *Davis,* the District Court had originally found no prejudice to the state from petitioner's 14-year delay in seeking a writ. Upon reconsideration, without articulating the reasons for its change in position the court summarily denied the writ under Rule 9(a). It "based its finding of prejudice on the absence of a recorded transcript of the plea proceedings and the *presumed* unavailability of witnesses through the loss of memory of detail." *Davis,* 610 F.2d at 413 (emphasis added). This Court reversed noting that the record simply did not support the District Court's conclusion. The state argued only that it was prejudiced by the lack of a transcript. It did not argue or establish a causal relationship between the delay and that lack of a transcript. Indeed, it would have been impossible to do so, for the court reporter who had stated that he was unable to supply a transcript, also stated that the law at the time the plea was taken did not require the reporting of pleas and, therefore, that a reporter was not present in the courtroom during the plea proceeding.

In response to the District Judge's finding of prejudice through the unavailability of witnesses and the loss of memory of detail, the *Davis* Court noted:

> [I]t does not appear what evidence he used to determine that the witnesses were unavailable or that the available one [sic] had no memory of details.

*Davis,* 610 F.2d at 416, n. 13. The record showed that several of the official participants in the plea proceedings were still available and that no inquiry had been made into their recollections of the events in question. Based on such a record, the *Davis* Court concluded that "[a] hearing [may] well produce some evidence to resolve the factual disputes." *Id.* The District Court had not afforded "petitioner the opportunity to meet or rebut the state's allegation of prejudice to its ability to respond, or to show that the prejudice was based on grounds which even an earlier petition would not have avoided . . . ." *Davis,* 610 F.2d at 414. Accordingly, petitioner's claim

for habeas relief was remanded "for a determination of any additional grounds on which the state may be presumed to be prejudiced by petitioner's delay, with instructions that petitioner be given an opportunity to rebut such grounds of prejudice as 'inexcusable' [sic] on his part." *Davis,* 610 F.2d at 416.

No such fact-finding purpose would be served in affording a hearing to petitioner Moore. In the instant case, the state has demonstrated that the delay in filing prejudiced its ability to respond to the petition. As in *Cotton v. Mabry,* 674 F.2d at 705, in answer to Moore's petition the state here filed affidavits with the Court to support its contention that it had been prejudiced by petitioner's approximately 11-year delay.[2] The state appended to its motion for dismissal an affidavit from the attorney who represented the petitioner at the time of the 1970 proceeding, attesting that due to the passage of nearly 11 years since petitioner's judgment of conviction for willful murder, he does not recall why petitioner's appeal was never perfected. Moreover, the attorney stated that neither did his records disclose the reason. An affidavit from the court reporter attested to the destruction of necessary records. She stated that it was her general practice to destroy her shorthand notes in cases where no transcript had been requested following the passage of not less than 5 years from the date of hearing.

"We do not presume prejudice to the state merely from the absence of a transcript or witnesses," *id.,* citing *Mayola v. Alabama,* 623 F.2d 992, 1000 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981). The state is required to make particularized showings of prejudice and "must show that the prejudice was caused by the delay." *McDonnell,* 666 F.2d at 251 (cites omitted). The state here has shown actual prejudice from petitioner's de-

lay. It has established the requisite nexus between the delay in filing, the lack of a trial transcript, and the dimmed memory of witnesses. The delay has deprived the state of any opportunity to demonstrate why petitioner's appeal from his 1970 conviction for willful murder was never perfected. Thus, the onus falls on the petitioner to meet or rebut this prima facie showing.

We turn then to the second prong of the *Davis* test. Has petitioner, having been given the opportunity to meet or rebut the apparent prejudice to the state, failed to rebut the state's answer by showing either that the state was not actually prejudiced or that the delay was based upon grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred?

Prior to filing the instant petition for habeas corpus relief, petitioner filed in the Kentucky courts three pro se petitions to vacate the judgment for willful murder pursuant to Ky.R.Crim.P. 11.42: April 28, 1970; December 13, 1971; April 29, 1980. Each petition asserted the same constitutional allegations upon which the instant writ is founded—ineffective assistance of counsel as demonstrated by failure to perfect an appeal. In 1970, the court reporter's notes had not been destroyed and at that time, the very year of the conviction, counsel for petitioner undoubtedly retained sufficient memory of the proceedings to testify as to why an appeal from petitioner's conviction for willful murder was never perfected. Accordingly, as to the latter of these requisite showings, petitioner cannot now be heard to say that the delay was based upon grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

---

**2.** It is arguable that 11 years is an excessive assessment of the amount of delay time to attribute to the failure of the petitioner to exercise reasonable diligence in filing. He spent some of the approximately 11 years which elapsed between February 1970 (entry of the contested judgment) and December 3, 1980

(submission of petitioner's writ) pursuing state court remedies. Furthermore, time elapsed while petitioner was defending and appealing an intervening conviction for second degree assault. Nonetheless, there are many years of unnecessary delay.

Finally, petitioner argues that given such constraints as his purported mental retardation, state of incarceration, and pro se representation, the 29 days which elapsed between the filing of the state's answer with its motion to dismiss and entry by the District Court of the order of dismissal, did not afford him a sufficient *opportunity* to rebut the state's showing of prejudice. In the words of petitioner, "[if] the law imposes a burden on a petitioner, the law must necessarily provide a reasonable time for the petitioner to meet the burden."

We have been cited to no authority, nor have we discovered any, which expressly evaluated the sufficiency of the *opportunity* afforded a petitioner to rebut a state's showing of prejudice. This appears to present a question of first impression.

The District Court is required to weigh the facts and circumstances of each case to determine whether a petitioner unreasonably delayed filing his habeas petition and whether the state was truly prejudiced by that delay. *See Tippett v. Wyrick,* 680 F.2d 52, 54 (8th Cir.1982). "Rule 9(a) is a limitation based on the equitable doctrine of laches; the court must use its discretion in weighing the equities involved." *Cotton v. Mabry,* 674 F.2d at 704 (cites omitted). Thus, the standard of review to be applied by this Court is whether the District Court abused its discretion in concluding that petitioner had been afforded an opportunity to meet or rebut the state's showing of prejudice.[3] We find that there was no abuse of discretion.

The state presented particularized showings of prejudice caused by petitioner's delay in filing. Petitioner failed to present concurrent with the filing of his original petition any suggestion which would justify the delay. He failed to respond to the state's motion either with a justification for the delay or a request for additional time in which to formulate a rebuttal. During the almost 30-day period between the date the state moved to dismiss his petition and the date the District Court ordered dismissal, petitioner did nothing.

Petitioner has demonstrated through his previous participation in pro se litigation an ability to adhere to statutory timetables despite the constraints which he now argues limited his ability to respond. Moreover, petitioner has failed even now with the aid of counsel to suggest what useful purpose would be served in holding an evidentiary hearing. He has conceded the legitimacy of the evidence presented by the state in support of its claim of prejudice, but the existence, or even potential existence, of rebuttal evidence has not been forthcoming.

Accordingly, the District Court's summary disposition of petitioner's writ is affirmed.

---

**3.** Although the District Court did not express this conclusion in words, a decision based on the record before it is of necessity founded upon such a conclusion.