**James William GRICE, Appellant,**

v.

**Jim MATTOX, Attorney General for State of Texas and John Ashcroft, Attorney General of Missouri, Appellees.**

No. 85–2179.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1986.

Decided July 31, 1986.

Gerald Warren, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

James William Grice appeals from the district court's dismissal of his petition for a writ of habeas corpus sought pursuant to 28 U.S.C. § 2254(a). Because no federal habeas corpus jurisdiction exists in this court the appeal is dismissed for lack of jurisdiction.

On November 6, 1973 Grice pled guilty in Missouri state court to issuing a check with insufficient funds. On December 7, 1973 he was sentenced to two years imprisonment. On January 11, 1974 the sentencing court set aside the December 7th sentence and sentenced Grice to one year's imprisonment. Grice was released on probation July 1, 1974. The probation was terminated by a court order dated February 17, 1977.

In 1980 Grice was convicted in Texas of theft. His sentence was enhanced on the basis of the prior Missouri conviction. Grice then began an attack upon the January 1974 Missouri conviction, beginning with a petition for writ of error *coram nobis* in the Circuit Court of St. Louis County. This litigation resulted in an appeal to the Missouri Court of Appeals. *See Grice v. State*, 634 S.W.2d 502 (Mo.App. 1982). Grice's efforts for relief in state court were unsuccessful. The Missouri Court of Appeals did specifically state, however, that the state trial court "had no jurisdiction to reopen the case after final judgment was rendered on December 7, 1973, *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692 (Mo. banc 1979)." *Id.* at 503.

In December of 1983 Grice petitioned for a writ of habeas corpus from the United States District Court for the Eastern District of Missouri. The district court denied Grice relief and he appealed.

While that appeal was pending, the parties prepared a stipulation and consent judgment for court approval. The stipulation voided the January 1974 conviction and

left the December 1973 conviction in place. This court vacated the district court's dismissal and remanded with instructions to consider the stipulation. By an order dated July 19, 1985, the district court again dismissed the petition for habeas corpus, ruling that Grice could not obtain any habeas relief because the December 1973 conviction would still be valid even if the January 1974 conviction was voided by the stipulation.[1]

The State now contends, for the first time, that the district court and this court lack habeas corpus jurisdiction over Grice. The argument is raised late. Nevertheless, this court must, *sua sponte*, examine its own jurisdiction. *McGowne v. Challenge-Cook Bros., Inc.*, 672 F.2d 652, 658 (8th Cir.1982); *Landrum v. Moats*, 576 F.2d 1320, 1323 (8th Cir.), *cert. denied*, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978). Because Grice was released from Missouri custody, *see* 28 U.S.C. § 2241(c); *Cotton v. Mabry*, 674 F.2d 701, 703–04 (8th Cir.), *cert. denied*, 459 U.S. 1015, 103 S.Ct. 374, 74 L.Ed.2d 508 (1982);[2] *Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir.1975), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976), and the district court has no jurisdiction over Grice's Texas custodian, *see United States v. Monteer*, 556 F.2d 880, 881 (8th Cir.1977); *Kills Crow v. United States*, 555 F.2d 183, 189 n. 9 (8th Cir.1977), this court lacks jurisdiction.

Accordingly, the appeal is dismissed.

---

1. The January 1974 conviction is still on Grice's record despite the State's written acknowledgment that the January 1974 sentence is void, and despite the Missouri Court of Appeals' statement that the state trial court had no jurisdiction to enter the January 1974 sentence. The State has informed us that it would cooperate with any future effort in Missouri state courts to have the January 1974 conviction erased from Grice's records to the extent of agreeing that the January 11, 1974 conviction was void. In actuality, the task may not need to be undertaken, as the Missouri Court of Appeals' statement effectively informs the world that the January 1974 judgment and sentence is void and, in our opinion, should not be considered a separate conviction for recidivist purposes.

2. There is much precedent for the proposition that collateral consequences may keep post-conviction proceedings alive for certain purposes, but this court said in *Cotton v. Mabry*, 674 F.2d 701, 703 (8th Cir.), *cert. denied*, 459 U.S. 1015, 103 S.Ct. 374, 74 L.Ed.2d 508 (1982): "The influence which the [previously imposed and completed] * * * sentence may have had on the subsequent sentences is a collateral consequence and does not give this court jurisdiction to grant habeas relief."

