**Roger G. FLITTIE, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary; Mark Meierhenry, Attorney General, State of South Dakota, Appellees.**

**No. 87–5365.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1988.

Decided Aug. 4, 1988.

Dale L. Strasser, Freeman, S.D., for appellant.

Jeffrey P. Hallem, Pierre, S.D., for appellees.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and DUMBAULD,* District Judge.

BEAM, Circuit Judge.

Roger G. Flittie appeals the denial of his application for a writ of habeas corpus. We affirm.

I. Background

On April 29, 1978, Flittie was found guilty of conspiracy to commit murder in connection with the death of his mother, Ruth K. Flittie, in Brookings, South Dakota, on October 10, 1975. Flittie did not appeal this conviction.

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

Following his conviction, Flittie was charged with burglary in the first degree and accessory after the fact of murder. These charges also arose, generally, out of the death of his mother. On May 15, 1980, Flittie was found guilty of both charges.

Flittie appealed the burglary and accessory after the fact convictions to the South Dakota Supreme Court where the accessory conviction was upheld. The judgment of conviction on the burglary charge was reversed on grounds of double jeopardy and collateral estoppel. The South Dakota Supreme Court remanded the case to the trial court for resentencing of Flittie on the accessory charge. The court resentenced Flittie, which sentence was subsequently affirmed by the South Dakota Supreme Court.

Flittie then filed a petition for writ of habeas corpus in the district court challenging the accessory after the fact conviction, the denial of which was ultimately affirmed by this court, 751 F.2d 967 (8th Cir.1985), and also affirmed en banc. 775 F.2d 933 (8th Cir.1985) (en banc). Flittie also filed a petition for writ of habeas corpus in the state court. The state petition was eventually dismissed as moot after Flittie was released from custody in February of 1984.

In 1985, Flittie was convicted of charges unrelated to the death of his mother. Flittie's sentence for this unrelated crime was enhanced due to his having been found to be an habitual criminal as a result of his prior convictions for conspiracy, accessory after the fact and an unrelated drug charge.

In September of 1986, Flittie filed a second application for writ of habeas corpus challenging the conviction of accessory after the fact. On August 17, 1987, the district court denied the petition. It is the denial of this request that Flittie appeals.

## II. Discussion

■ In order for a petitioner to maintain an application for a writ of habeas corpus, 28 U.S.C. §§ 2241(c) and 2254(a) require the person to be in custody pursuant to the judgment of a state court and in violation of the Constitution or laws of the United States. If he is not in custody, the district court has no jurisdiction to hear his case.

■ Flittie is challenging his conviction of being an accessory after the fact of murder, for which he is no longer incarcerated. Flittie argues that because his conviction of accessory after the fact was used to enhance the sentence he is currently serving, he is in custody within the meaning of sections 2254(a) and 2241(c). Flittie relies on *Rodgers v. Wyrick*, 621 F.2d 921 (8th Cir.1980), wherein this court indicated that jurisdiction to consider a petition for a writ of habeas corpus existed under similar circumstances. In *Rodgers*, the petitioner claimed that his convictions in 1971 were impermissibly used to enhance an unrelated conviction in 1973. *Id.* at 923. At the time Rodgers filed his petition for a writ of habeas corpus, he had completed service of the 1971 sentences and had started to serve the sentence for the 1973 conviction. *Id.* Although this court affirmed the denial of the petition on other grounds, we stated, in a footnote to the opinion, that "[i]n our view, the expiration of the [1971] sentences would not defeat jurisdiction over a claim that the 1971 convictions enhanced the 1973 sentence which Rodgers is now serving." *Id.* at 924 n. 9.

However, two years later this court more directly considered this issue in *Cotton v. Mabry*, 674 F.2d 701 (8th Cir.), *cert. denied*, 459 U.S. 1015, 103 S.Ct. 374, 74 L.Ed.2d 508 (1982). In *Cotton*, the petitioner filed an application for a writ of habeas corpus challenging a 1969 jury conviction for which he had completely served the sentence. *Id.* at 703. Cotton claimed that he was in custody with respect to the 1969 conviction because although he had completely served the five year sentence, he alleged that "the effect of the 1969 jury conviction was to prolong the two subsequent sentences which he is presently serving." *Id.* This court stated that "[t]he influence which the [1969] sentence may have had on the subsequent sentences is a collateral consequence and does not give this court jurisdiction to grant habeas relief." *Id.*

Like *Cotton*, the effect of Flittie's 1978 conviction on his subsequent conviction is a collateral consequence. We are of the

opinion that collateral consequences do not give rise to jurisdiction to grant habeas relief. Therefore, because Flittie has served his five year sentence and is no longer incarcerated with regard to the accessory after the fact conviction, we find he may not challenge that conviction through the present application. He is not in custody within the meaning of sections 2241(c) and 2254(a) and, as a consequence, jurisdiction to consider the claims raised does not exist.

III. Conclusion

Although the application is carefully drafted in order to make it appear to raise different issues, we believe Flittie is raising in this second petition essentially the same claims he raised in his first. As such, this second petition almost certainly is abusive under Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (successive habeas corpus petitions). However, because jurisdiction does not exist for us to consider Flittie's claims, we do not specifically address whether Rule 9(b) applies in this instance.

Notwithstanding the lack of jurisdiction, we have reviewed Flittie's arguments and their substantive disposition by the district court and find no errors of fact or law. For the foregoing reasons, the decision of the district court is affirmed.