869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John George BOULDER, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Kentucky State Reformatory, Respondent-Appellee.
 No. 88-5936.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 1
 Before BOYCE F. MARTIN Jr. and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 John George Boulder, a pro se Kentucky prisoner, appeals the judgment of the district court denying his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus.
 
 
 4
 Boulder was convicted pursuant to a jury trial in 1976 of assault in the first degree. No direct appeal was taken from that conviction. Boulder was subsequently convicted in 1984 pursuant to his plea of guilty to being a persistent felony offender, in addition to a drug-related charge. The 1976 assault conviction served as a prior conviction in his persistent felony offense.
 
 
 5
 In 1984, Boulder began his challenge of the 1976 assault conviction in the Kentucky courts. After exhausting his state remedies, he filed the present Sec. 2254 habeas petition. Boulder claimed that the 1976 conviction was invalid because he was denied effective assistance of counsel when his attorney failed to pursue a direct criminal appeal of the conviction after being requested to do so by Mr. Boulder. Trial counsel was deceased in 1984. The district court denied the petition on the basis that the claim presented therein was delayed within the meaning of Rule 9(a), Rules Governing Section 2254.
 
 
 6
 Upon review we conclude that the district court did not abuse its discretion in denying Boulder's habeas petition. There is a two-pronged test in this circuit for determining whether a petition may be properly dismissed as a delayed petition under Rule 9 of the Rules Governing Habeas Corpus Petitions under 28 U.S.C. Sec. 2254. "First, the state must appear to have been prejudiced in its ability to respond to the petitioner's claims. Second, the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier." Buchanon v. Mintzes, 734 F.2d 274, 277 (6th Cir.1984), (quoting Davis v. Adult Parole Auth., 610 F.2d 410, 414 (6th Cir.1979)), cert. dismissed, 471 U.S. 154 (1985). The standard of review to be applied by this court is whether the district court abused its discretion in concluding that the petitioner had been afforded an opportunity to meet or rebut the state's showing of prejudice. Moore v. Smith, 694 F.2d 115, 119 (6th Cir.1982), cert. denied, 460 U.S. 1044 (1983).
 
 
 7
 In the instant appeal, it is clear that the state was prejudiced in its ability to respond to the writ at a time when trial counsel was deceased. Boulder had adequate notice long before 1984 that no direct appeal had been taken from his 1976 conviction. Further, Boulder had ample opportunity to rebut the state's showing of prejudice in his response to the motion to dismiss and in his objections to the magistrate's report, but utterly failed to do so. Moreover, Boulder offers no explanation for his delay of eight years in presenting this claim to the courts.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, U.S. District Judge for the Southern District of Ohio, sitting by designation