Roger G. FLITTIE, Appellant,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary; Mark Meierhenry, Attorney General, State of South Dakota, Appellees.

No. 87–5365.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1988.

Decided Aug. 4, 1988.

As Amended Feb. 13, 1989.

Rehearing En Banc Granted
March 21, 1989.

Dale L. Strasser, Freeman, S.D., for appellant.

Jeffrey P. Hallem, Pierre, S.D., for appellees.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and DUMBAULD,* District Judge.

BEAM, Circuit Judge.

Roger G. Flittie appeals the denial of his application for a writ of habeas corpus. We affirm.

## I. BACKGROUND

On April 29, 1978, Flittie was found guilty of conspiracy to commit murder in connection with the death of his mother, Ruth K. Flittie, in Brookings, South Dakota, on October 10, 1975. Flittie did not appeal this conviction.

Following his conviction, Flittie was charged with burglary in the first degree and accessory after the fact of murder. These charges also arose, generally, out of the death of his mother. On May 15, 1980, Flittie was found guilty of both charges.

Flittie appealed the burglary and accessory after the fact convictions to the South Dakota Supreme Court where the accessory conviction was upheld. The judgment of conviction on the burglary charge was reversed on grounds of double jeopardy and collateral estoppel. The South Dakota Supreme Court remanded the case to the trial court for resentencing of Flittie on the accessory charge. The court resentenced Flittie, which sentence was subsequently affirmed by the South Dakota Supreme Court.

Flittie then filed a petition for writ of habeas corpus in the district court challenging the accessory after the fact conviction, the denial of which was ultimately affirmed by this court, 751 F.2d 967 (8th Cir.1985),

and also affirmed en banc. 775 F.2d 933 (8th Cir.1985) (en banc), *cert. denied,* 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986). Flittie also filed a petition for writ of habeas corpus in the state court. The state petition was eventually dismissed as moot after Flittie was released from custody in February of 1984.

In 1985, Flittie was convicted of charges unrelated to the death of his mother. Flittie's sentence for this unrelated crime was enhanced due to his having been found to be an habitual criminal as a result of his prior convictions for conspiracy, accessory after the fact and an unrelated drug charge.

In September of 1986, Flittie filed a second application for writ of habeas corpus challenging the conviction of accessory after the fact. On August 17, 1987, the district court denied the petition. It is the denial of this request that Flittie appeals.

## II. DISCUSSION

### A. Jurisdiction

In order for a petitioner to maintain an application for a writ of habeas corpus, 28 U.S.C. §§ 2241(c) and 2254(a) require the person to be in custody pursuant to the judgment of a state court and in violation of the Constitution or laws of the United States. If he is not in custody, the district court has no jurisdiction to hear his case.

Flittie is challenging his conviction of being an accessory after the fact of murder, for which he is no longer incarcerated. Flittie argues that because his conviction of accessory after the fact was used to enhance the sentence he is currently serving, he is in custody within the meaning of sections 2241(c) and 2254(a). Flittie relies on *Rodgers v. Wyrick,* 621 F.2d 921 (8th Cir.1980), wherein this court indicated that jurisdiction to consider a petition for a writ of habeas corpus existed under similar circumstances. In *Rodgers,* the petitioner claimed that his convictions in 1971 were impermissibly used to enhance an un-

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

related conviction in 1973. *Id.* at 923. At the time Rodgers filed his petition for a writ of habeas corpus, he had completed service of the 1971 sentences and had started to serve the sentence for the 1973 conviction. *Id.* Although this court affirmed the denial of the petition on other grounds, we stated, in a footnote to the opinion, that "[i]n our view, the expiration of the [1971] sentences would not defeat jurisdiction over a claim that the 1971 convictions enhanced the 1973 sentence which Rodgers is now serving." *Id.* at 924 n. 9.

However, four years prior to the *Rodgers* footnote, this court, in *Harvey v. South Dakota*, 526 F.2d 840 (8th Cir.1975), *cert. denied*, 426 U.S. 911, 96 S.Ct. 2236, 48 L.Ed.2d 837 (1976), under reasonably similar circumstances, found no custody and a lack of jurisdiction. Harvey sought to attack an earlier conviction for which he had fully served a three year sentence of imprisonment. He had been unconditionally released from the penalties imposed no later than March 20, 1971. His federal action contesting the propriety of the conviction was filed in 1974. Harvey contended that disabilities which arose from the conviction, such as inability to pursue certain professions and to own and possess firearms, constituted custody for the purposes of 28 U.S.C. § 2241(c). This court, citing *Carafas v. La Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), called these alleged disabilities "collateral consequences" and said, "He [Harvey] is not in custody within the meaning of the statute and the writ of habeas corpus is therefore not available." 526 F.2d at 841.[1]

Two years after *Rodgers*, this court again directly considered this issue in *Cotton v. Mabry*, 674 F.2d 701 (8th Cir.), *cert. denied*, 459 U.S. 1015, 103 S.Ct. 374, 74 L.Ed.2d 508 (1982). In *Cotton*, the petitioner filed an application for a writ of habeas corpus challenging a 1969 jury conviction for which he had completely served the sentence. *Id.* at 703. Cotton claimed that he was in custody with respect to the 1969 conviction because, although he had completely served the five year sentence, "the effect of the 1969 jury conviction was to prolong the two subsequent sentences which he [was] presently serving." *Id.* This court stated, citing *Harvey* and *Carafas*, that "[t]he influence which the [1969] sentence may have had on the subsequent sentences is a collateral consequence and does not give this court jurisdiction to grant habeas relief." *Id.*

■ The effect of Flittie's 1978 conviction upon his subsequent adjudication is a collateral consequence. Following the precedent established in *Harvey* and *Cotton*, we hold that collateral consequences do not give rise to jurisdiction to grant habeas relief. Therefore, because Flittie has served his five year sentence and is no longer incarcerated with regard to the accessory after the fact conviction, we find he may not challenge that conviction through the present application. He is not in custody within the meaning of sections 2241(c) and 2254(a) and, as a result, jurisdiction to consider the claims raised does not exist.[2]

1. Rodgers' petition for writ of habeas corpus was dismissed for failure to exhaust state remedies. 621 F.2d at 927. Thus, the custody issue under 28 U.S.C. § 2254(a) was not specifically addressed and decided by the court and footnote 9 is, therefore, gratis dictum. In any event, the *Rodgers* panel could not have overturned the holding in *Harvey* under the rules of this circuit.

2. At least five circuits appear to have found jurisdiction in cases factually similar to this one. *See Cook v. Maleng*, 847 F.2d 616 (9th Cir.1988), *cert. granted*, — U.S. —, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988); *Aziz v. Leferve*, 830 F.2d 184 (11th Cir.1987); *Young v. Lynaugh*, 821 F.2d 1133 (5th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987), *cert. denied*, — U.S. —, 108 S.Ct. 1040, 98 L.Ed.2d

1004 (1988); *Harrison v. Indiana*, 597 F.2d 115 (7th Cir.1979); *Lyons v. Brierley*, 435 F.2d 1214 (3d Cir.1970). On the other hand, *Ward v. Knoblack*, 738 F.2d 134 (6th Cir.1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985), suggests a finding of no jurisdiction. (Current custody was federal; state judgment was attacked in an effort to alleviate collateral consequences arising in current custody.) The Supreme Court has now granted certiorari in *Cook v. Maleng*, a case which is factually identical to this matter and which has adopted a conclusion contrary to our holding. We would ordinarily consider staying our proceedings to await the result of Supreme Court argument. However, for reasons stated in part IIB of our opinion, we decline to follow that course in this case.

**1056**

### B. The Merits

Assuming, arguendo, that we have jurisdiction, the application should, nonetheless, be dismissed. Although carefully drafted to make it appear to state new issues, we believe that Flittie is asserting in this second petition essentially the same claims that he raised (and that were decided on the merits) earlier. As a result, this renewed effort is an abuse of the writ dismissible under Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 2254 (successive habeas corpus petitions).

And, notwithstanding the questions of jurisdiction and the successive nature of the allegations, we have, in any event, carefully reviewed Flittie's arguments and find no error in fact or in law in their substantive disposition by the district court.

### III. CONCLUSION

For the reasons set forth in this opinion we affirm the decision of the district court dismissing this action.